WESTERN UNION TELEGRAPH CO. v. BLAKELY.

(Division B. March 14, 1932.)

[140 So. 336. No. 29880.]

Street & Street, of Laurel, for appellant.

Collins & Collins, of Laurel, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

Daisy Blakely was plaintiff in the court below, and recovered a judgment for five hundred dollars for personal injuries caused by slipping and falling upon the floor of the office of the appellant, the Western Union Telegraph Company.

It was claimed that said fall was due to a wet and slippery condition of the floor, and the evidence as to the condition of the floor was in conflict.

A plea of general issue was filed by the defendant, appellant here, with notice thereunder that it would prove that the floor was safe, being covered with "tile tex" a standard floor covering widely used throughout the country, and that the floor was not wet on the occasion complained of, and that the injury, if any, to the plaintiff was due to her own negligence and carelessness, in that she was wearing old shoes with run-down heels, worn slick with use and age, and that she was careless in the way she stepped on said floor and in the way she walked, and that she did not take proper regard for her own safety.

The plaintiff, appellee here, testified that she went to the office of the appellant on business, for the purpose of transmitting some money to a relative, or attending to a matter of that kind; that she went into the office between twelve and one o'clock, and was walking from the front to the desk when she slipped and fell and was injured internally. She also testified that the floor was wet and she saw mop streaks upon the floor, and that its condition was slippery and unsafe; that on former occasions she had seen employees of the company mopping the floor with water and a mop, but did not see the floor mopped on the day in question. She was attended by a physician and remained confined to her house, principally in bed, for about three months. The fact that she was confined to her house was not only testified to by the appellee, but also by others; the physician testifying as to her injuries.

The employees of the appellant testified that the appellee slipped in the office, but did not fall, and that she left the building, and they noticed the floor, and it was not wet or slippery, and some testified as to the condition of the shoes worn by the appellee; that the heels were run under, etc. After the appellee left the office, she went to a lawyer's office and there telephoned the Western Union Telegraph Company to send a car to carry her home, and the car was sent. She also telephoned the physician from the lawyer's office.

The employees further testified that several months prior to the occasion when the appellee fell another person (a Mrs. Nesom) had slipped and fallen onto the floor, and that they had quit mopping the floor with water after that injury, and, at the time the plaintiff was injured, the floor in the office had been cleaned with a wire brush only.

It is insisted that the amount recovered by the appellee should not be allowed, because the judgment is not supported by competent evidence.

In our opinion, this evidence was for the jury's decision, and if the jury believed from the evidence that the floor was wet and slick, as testified to by the plaintiff, and that it was an unsafe place for a person to walk, the recovery should be upheld. It was the duty of the telegraph company to have the office in which the public are invited to transact business with and for the benefit of the company kept in a reasonably safe condition. Of course, if the jury believe the testimony for the appellant is the truth, there would be no liability.

A jury having the witnesses before them is better acquainted with their standing and credibility than the judges of this court can be.

We find no reversible error in the proceedings, and the judgment will therefore be affirmed.

Affirmed.