## PHILLIPS v. MONTGOMERY WARD & CO.

### No. 9991.

Circuit Court of Appeals, Fifth Circuit.

Jan. 23, 1942.

Ross R. Barnett, of Jackson, Miss., and Frank F. Mize, of Forest, Miss., for appellant.

L. E. Oliphant, Jr., of Chicago, Ill., and John Harvey Thompson, of Jackson, Miss., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Rebecca Phillips brought suit against Montgomery, Ward & Company to recover

damages for personal injuries received by her when she tripped and fell over a box in the aisle of the company's retail store in Jackson, Mississippi. The case was tried to a jury and at the close of the evidence for the plaintiff, the court on motion directed a verdict for the defendant on the ground that there was no negligence on the part of Montgomery, Ward & Company which proximately contributed to the injury, and that the box in the aisle was "not such obstruction as the defendant or any other one engaged in the mercantile business could reasonably anticipate would cause injury to a customer". From the judgment entered on the directed verdict Mrs. Phillips has appealed.

There is no dispute as to the manner or extent of the appellant's injuries. The sole question presented by this appeal is whether the court below erred in directing a verdict for the defendant on the ground that the evidence failed to make a case for the jury on the issue of negligence.

Mrs. Phillips entered Montgomery, Ward & Company's retail store during the noon hour for the purpose of purchasing articles of merchandise which were for sale on the second floor of the store. She inquired of a clerk on that floor as to the whereabouts of the merchandise she was seeking, and the clerk directed her to go to another counter. As she turned to go in that direction her left foot struck a corrugated pasteboard box in the aisle between the counters, and she lost her balance and fell striking the floor solidly with her left hip, and she was seriously and painfully injured.

The counters upon which the merchandise was displayed were "between three and four feet in height; ordinary counters in any store". The aisles between the counters were from three to three and one-half feet wide. The box against which the appellant tripped was in the aisle and up against one of the counters. This box was approximately two feet high and eighteen inches wide, and protruded almost half-way into the aisle between the counters. The box contained bedspreads, and had been brought to the second floor from the stock room and left in the aisle by one of defendant's employees.

The appellee contends that in view of the size of the box it was an obvious obstruction which the plaintiff should have seen, that it could not reasonably foresee that such obstruction would be dangerous to its customers, and that the trial court, therefore, properly directed a verdict.

We are of opinion that the evidence made a case for the jury. A storekeeper who expressly or impliedly invites the public to visit his store, although not an insurer, must keep the premises in a reasonably safe condition so as to avoid injury to persons accepting his invitation to come in and trade. S. H. Kress & Co. v. Markline, 117 Miss. 37, 77 So. 858, Ann.Cas. 1918E, 310; Western Union Telegraph Co. v. Blakely, 162 Miss. 854, 140 So. 336; Baskin v. Montgomery, Ward & Company, 4 Cir., 104 F.2d 531.

Counters in a store are used by merchants to display merchandise so that it will attract the customer's attention. The aisles between such display counters are primarily for the use and convenience of customers shopping in the store, and such passageways should be kept open and free from obstructions that might cause an injury to one using the aisles. The evidence shows that it was the rule and custom in the Montgomery, Ward & Company store to keep the aisles between the counters clear "and not to place a box or carton in the aisle during business hours". This rule was a standard of care set up by the defendant itself, but this standard of care was departed from in the case at bar. Cf. Sears, Roebuck & Co. v. Peterson, 8 Cir., 76 F.2d 243; Bloomer v. Snellenberg, 221 Pa. 25, 69 A. 1124, 21 L.R.A.,N.S., 464; R. E. Cox Dry Goods Co. v. Kellog, Tex.Civ. App., 145 S.W.2d 675.

The appellant was rightfully in the appellee's store. She was using the aisles between the counters to go from place to place in search of the merchandise which she intended to purchase. The passageway should have been clear of obstructions which the storekeeper might have reasonably foreseen would cause injury to one using the aisle. Whether under the facts and circumstances of this case the box in the aisle was an obstruction which the storekeeper could have reasonably foreseen as dangerous was a question which should have been left to the jury. On the evidence offered by the plaintiff the jury might have properly found negligence on the part of the defendant, and the court erred in directing a verdict.

The judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.