### KRAUS, Plaintiff-Appellant, v. W. T. GRANT CO., Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 4118.   Decided October 4, 1948.

Corry, Durfey, Martin & Browne, Springfield, Collis Gundy Lane, Columbus, for plaintiff-appellant.

Knepper, White & Dempsey, Columbus, for defendant-appellee.

## OPINION

By WISEMAN, PJ.

This is an appeal on law from the judgment of the Common Pleas Court of Franklin County, Ohio. At the close of the plaintiff's case the Court directed a verdict for the defendant. The several assignments of error are directed to the action of the Court in directing a verdict.

The action is for damages for personal injuries suffered by the plaintiff in a fall on the floor of the store of defendant company which is located in Columbus, Ohio.

Briefly stated, the facts are: On November 14, 1944, at about three o'clock, P. M., plaintiff entered the south front entrance of defendant's store at 69 North High Street as a customer for the purpose of making a purchase. The store is located on the west side of the street. At that time there was a drizzling rain and during the earlier part of the day it had rained. The streets were wet. The plaintiff was accompanied by her husband who permitted her to precede him in entering the store. After entering the south entrance of defendant's store the plaintiff, followed by her husband, proceeded in a westerly direction down an aisle toward the rear of the store. The wooden floor was described as being in a mucky condition from the entrance to the place where the plaintiff fell. When the plaintiff and her husband got to a

place " quite a ways back" in the store they encountered a Mr. Jennings who was afterwards identified as the manager of the store and of him they inquired the way to the china department. The manager in giving directions told them "to go on a certain number of aisles and down the aisle". They proceeded a few steps in the aisle in which they were walking and then turned to the right in a cross aisle. When they had walked a few steps in this aisle the plaintiff, who was walking in front of her husband, fell to the floor and was injured. The plaintiff was immediately helped to her feet by her husband and the store manager, Mr. Jennings, who then and there stated "there was water there, but I haven't gotten around to mop it up". At the place where the plaintiff fell there was a pool of water about 12 inches in diameter. After the fall the plaintiff's dress and stockings were found to be wet and dirty. The place at which the plaintiff fell was between 50 and 75 feet from the entrance. Neither the plaintiff nor her husband observed anything on the floor or the pool of water prior to the plaintiff's fall. The general condition of the floor from the entrance to the place of the fall was described as being in a slimy, mucky condition, not liquid in form.

In the determination of this question the evidence presented must be construed most favorably to the plaintiff. Giving the evidence a construction most favorable to the plaintiff we conclude that the condition of the floor was caused by customers entering the store on a rainy day. It is not clear that the plaintiff was directed to use this particular aisle nor that the store manager knew of the existence of the pool of water before the plaintiff fell. However, a reasonable inference may be drawn that these were the facts.

A storekeeper is not the insurer of the safety of his customers. A storekeeper owes to a customer the duty to exercise ordinary care to have and keep his storeroom in a reasonably safe condition. **Kresge Co. v. Fader, 116 Oh St 718; J. C. Penney Co. v. Robison, 128 Oh St 626; Sherlock v. Strouss-Hirshberg Co., 132 Oh St 35; Johnson v. Provision Co., 141 Oh St 584.**

This case does not fall in that category of cases where the floor was found to be in a slippery, dangerous or hazardous condition. In this class of cases are found: **Union News Co. v. Freeborn, 111 Oh St 105**, where the person injured fell on a floor made slippery by soapy water; Johnson v. Provision Co., supra, where the customer slipped on a greasy substance

dropped on the floor by another customer; and also **F. W. Woolworth v. Saxton, 39 Oh Ap 118; Fox v. Ben Schecter Co., 57 Oh Ap 275; Pazik v. Devine, 24 Abs 653,** and **Molnor v. Scott-Burr Stores Corporation, 33 Abs 142.**

The trial court in directing the verdict for the defendant relied on and applied the rule laid down in the case of Kresge Company v. Fader, supra, wherein it was held:

"2. The fact that during a rain-storm some water has blown into the front of a store on account of the opening of the door to admit customers, and the incoming shoppers during such rainstorm carry in moisture on their clothing and feet and umbrellas, and thereby and only thereby cause the floor inside the door and near thereto to become damp and more slippery than is the dry floor in other parts of the store, will not give rise to a cause of action against the owner or lessee of the store in favor of a later incoming patron who slips or falls on such damp floor and is injured by such fall."

The Court on page 722 in commenting on the condition of the floor say:

"There were no defects in the floor itself. No claim is made that it was other than level, or that it was improperly constructed or surfaced in any manner. There was no soap or soapy water on the floor; no grease on the floor. There was nothing of any kind on the floor except the rainwater which got there in the manner stated.

"There was no evidence in the case that the Kresge Company did anything or omitted to do anything which storekeepers of ordinary care and prudence generally, under similar circumstances, omit to do or do for the protection of their patrons."

Beginning on page 723 the Court discusses the duty which a storekeeper and owners of buildings owe to customers or persons using such buildings as follows:

"Owners or lessees of stores, office building, banks, hotels, theaters, or other buildings where the public is invited to come on business or pleasure, are not insurers against all forms of accidents that may happen to any who come. Everybody knows that the hallways between the outside doors of such buildings and the elevators or business counters inside the buildings during a continued rainstorm are tracked all

over by the wet feet of people coming from the wet sidewalks, and are thereby rendered more slippery than they otherwise would be. The same thing is true in the hallways of all post offices. It is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas, for several very good reasons, all so obvious that it is wholly unnecessary to mention them here in detail."

If we adopt and apply the reasoning of the Court in the Kresge v. Fader case to the facts in this case the plaintiff cannot recover. It is urged that the case at bar is distinguishable from that case on the facts in that in the case at bar the place at which the plaintiff fell was 50 to 75 feet from the entrance, whereas in the Kresge v. Fader case the customer fell a few feet inside the entrance. In our judgment this fact does not require the application of a different principle of law. In both cases the condition of the floor was the same. The cause of the condition of the floor was the same, and the degree of care which the proprietor owed to the customer was the same. In our judgment the trial court properly directed a judgment for the defendant.

We find no error committed by the Court in the rejection of testimony offered by the plaintiff. Finding no error in the record, the judgment is affirmed.

MILLER and HORNBECK, JJ, concur.