WALLACE *v.* J. C. PENNY CO., INC.

No. 41097 March 23, 1959 109 So. 2d 876

*Crisler, Crisler & Bowling, E. B. Todd,* Jackson, for appellant.

*Jackson & Ross,* Jackson, for appellee.

APPELLANT IN REPLY.

ETHRIDGE, J.

Appellant, Mrs. Belva Wallace, sued appellee, J. C. Penny Company, Inc., for damages resulting from personal injuries received when she slipped and fell on the floor of the foyer, arcade or entrance-way to defendant's store in Jackson. The jury returned a verdict for defendant. We have concluded that an instruction given defendant on assumption of risk was error, but not reversible error, because plaintiff has no cause of action and is not entitled to recover in any event.

On December 7, 1957, Mrs. Wallace and her 12 year old daughter, Virginia, were Christmas shopping. It had been raining rather heavily since the preceding midnight, and the sidewalks and streets were wet. They were also crowded with other Christmas shoppers. Appellee's store faces on Capitol Street. The entrance has a foyer with display windows on each side. The part of the foyer next to the sidewalk is unenclosed, and one enters the enclosed part of the store after walking through the foyer to the doors. This arcade is paved with terrazzo tile, with a slight rise into the store. Mrs. Wallace was walking with a large crowd on the arcade floor, preparatory to going into appellee's building. When she stepped between a post and a display case in the arcade, her feet suddenly slipped from under her and she fell. She did not notice the floor before her fall, but subsequently she observed that it was wet, muddy and slippery, and looked as if people had been walking on it "for days." She and her daughter had been walking on the wet pavement and streets, shopping in other places. Her daughter, who was present when plaintiff fell, and her husband and another witness, who did not see her fall, said that it had been raining all morning, and the floor of the arcade was wet, muddy and slick. The crowds had tracked on the floor water and dirt. Appellee offered no witnesses, moved for a directed verdict, and requested a peremptory instruction. These were denied, and the

jury's verdict for defendant was incorporated in the judgment.

Appellant's sole assignment of error is instruction Number 6 given defendant: "The Court instructs the jury for the defendant that the plaintiff in this case assumed the ordinary risks and hazards of entering the entrance to defendant's store over a terrazzo paved walkway entrance or foyer; that is, she assumed such risks and dangers as were open and obvious to a person of ordinary discretion, intelligence and foresight and if you believe that the plaintiff saw, knew and appreciated the danger, or should have seen, known and appreciated the danger by the exercise of her own reasonable care and caution in attempting to walk upon the terrazzo floor when it was wet and slick and in attempting to walk over said floor she slipped and fell and was injured, then you must find for the defendant."

██ This instruction was error because it erroneously applied the assumption of risk doctrine, ██ which is pertinent when a party voluntarily and knowingly places himself in a position or submits himself to a condition, appreciating that injury to himself is likely to occur at any time so long as such position or condition continues. Saxton v. Rose, 201 Miss. 814, 29 So. 2d 646 (1947); Prosser, Torts (2d ed. 1955) Sec. 55, pages 303-313. The instruction stated that, if the jury believed plaintiff knew and appreciated the danger, "or should have seen, known and appreciated the danger by the exercise of her own reasonable care," and she slipped and fell and was injured, then the jury should find for defendant. This eliminates any distinction between assumption of risk and contributory negligence. Under our comparative negligence statutes, Miss. Code 1942, Secs. 1454, 1455, the instruction was also error because it denied the jury its right to weigh the respective negligence, if any, of the parties. Prescott v. Ralph's

Grocery Co., 42 Cal. 2d 158, 265 P. 2d 904 (1954), is directly in point.

Strand Enterprises, Inc. v. Turner, 223 Miss. 588, 78 So. 2d 769 (1955), affirmed a decree in chancery in favor of an invitee against an invitor, when the former stepped in a hole in the floor of a rear hall of a theatre building. Rejecting the argument that complainant was barred under the doctrine of assumption of risk, the court said that an invitee within that rule must know and appreciate the danger, and deliberately expose herself to it. She did not know of the existence of the defect in the floor, so assumption of risk did not apply.

Although the instruction was incorrect, it was not reversible error. Rule 11 of this Court states: ''No judgment shall be reversed on the ground of misdirection to the jury . . . unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice.''

■■ ■ 3 Am. Jur., Appeal and Error, Sections 1111 and 1112, state this same principle in other ways: ''One test that has been frequently held determinative of the prejudicial character of error in instructions is the correctness of the result; if that is correct, the error is not reversible. When the undisputed evidence establishes the correctness of the verdict, so that either with or without the erroneous instruction the verdict could not have been otherwise than it was and, had it been otherwise, it would have been set aside by the court, or if the result is one that might properly be directed by the court, technical errors will be disregarded. . . . Error in instructions is not prejudicial as against an unsuccessful plaintiff who has no cause of action, or who is not entitled to recover in any event, or who fails in his evidence to support the cause of action, . . .''

Horton v. Jones, 208 Miss. 257, 262-263, 44 So. 2d 397 (1950), applied this rule, and it applies here.

 We have considered carefully the evidence, and have concluded that appellant failed to show any negligence on the part of appellee. Hence the trial court should have sustained appellee's motion for a directed verdict, and should have given its requested peremptory instruction.

In addition to Strand Enterprises, Inc. v. Turner, supra, five other Mississippi cases should be noted:

In Western Union Tel. Co. v. Blakely, 162 Miss. 854, 140 So. 336 (1932), plaintiff went into the telegraph office to send a message, and while walking from the front to the desk she slipped, fell and injured herself. She testified the floor was wet, slippery and had mop streaks on it. Defendant's witnesses said plaintiff slipped but did not fall, and denied the floor was wet or slippery. A verdict for plaintiff was affirmed. She was an invitee, and it was a question for the jury as to whether the floor was in a reasonably safe condition.

 Daniel v. Jackson Infirmary, 173 Miss. 832, 163 So. 447 (1935), was a suit in which plaintiff was walking from her hospital room and allegedly slipped because of the highly polished and dangerous condition of a waxed linoleum floor in the hall. The linoleum was the regular type, and evidence showed it was waxed carefully and in the prescribed manner. A directed verdict for defendant was affirmed. It was held that the owner of a building must exercise reasonable care to maintain the floors in a reasonably safe condition. The doctrine of res ipsa loquitur does not apply when the danger is entirely open and visible. The proprietor is not an insurer of safety. He may use the customary cleaning and polishing substances on the floor in the usual and customary manner. The test is not danger, but negligence, which is the failure to take such reasonable care as should be taken by prudent men. The testimony failed to show any negligence.

In Montgomery Ward Co., Inc. v. Windham, 195 Miss. 848, 16 So. 2d 622 (1944), plaintiff slipped and fell in an aisle in the store, allegedly on a spot of oil on the floor. Defendant's evidence was that there was no oil on the floor, and the preparation it used contained no oil or grease. The evidence failed to show the period of time any oil was on the floor. It was held that the verdict for plaintiff was against the great weight of the evidence, so it was reversed and the cause remanded. Apparently the court felt that the evidence did not show any negligence by defendant.

In Patterson v. Sayers, doing business as the Concord Hotel, 223 Miss. 444, 78 So. 2d 467 (1955), plaintiff sued the owner of the hotel for injuries from a fall when she slipped on the floor just after she had entered the front door. Her evidence tended to show that a space of 3 or 4 feet contained a substance, apparently wax, which had not been properly buffed; other persons had slipped or fallen on the same spot, to the knowledge of employees of the hotel; and the porters who worked on the floor were often careless. The circuit court gave a directed verdict for defendant, but on appeal this was reversed and the cause remanded. It was held that plaintiff was an invitee, and the operator of the premises was under duty to exercise reasonable diligence to keep such premises in a reasonably safe condition for use by an invitee. The jury could have found that there was a substance on the floor which caused plaintiff to fall, it was improperly waxed and buffed, and defendant failed to use reasonable care to keep the lobby floor in a reasonably safe condition.

In Paramount-Richards Theatres v. Price, 211 Miss. 879, 53 So. 2d 21 (1951), a theatre patron fell on interior steps. No negligence by defendant was found to exist.

In each such case the question is whether defendant was guilty of negligence which contributed to plaintiff's injuries. Plaintiff must show more than a fall. There

have been a large number of cases from other states dealing with similar factual situations. 65 C. J. S., Negligence, Sec. 81 page 588 summarizes them:

"So also the fact that water, slush, and mud are tracked in on the floor of premises because of weather conditions outside ordinarily does not create an actionable situation, although the floor is thereby rendered wet, dirty, and slippery, except, perhaps, in some circumstances, as where it is shown that the construction of the entranceway was inherently dangerous or that the person responsible for the condition of the premises failed to use due care to remedy unreasonably dangerous conditions after actual or constructive notice thereof."

On the same line of cases, 38 Am. Jur., Negligence, Sec. 136 states: "The existence of a slippery place on the floor of a store, on which a customer falls, sustaining injury, is in violation of the proprietor's duty only where he knows or reasonably should know of the presence of this dangerous condition and reasonably could prevent it or warn the customer of the danger. The fact that during a rainstorm some water was thrown into the front of a store, due to the frequent opening of the door by customers, thereby causing the floor to become more slippery than usual, will not give rise to an action against the owner for injuries to a patron who slips upon such floor."

■■ ■ Perhaps the leading case is S. S. Kresge v. Fagan, 116 Ohio St. 718, 158 N. E. 174, 58 A. L. R. 132 (1927). It was there said that proprietors of businesses are not insurers against all form of accidents, and it was not the defendant's duty to keep a large force of moppers to mop up the rain as fast as it blew in or was tracked in by wet feet. There was no evidence that the company was guilty of any negligence. See annotation, 58 A. L. R. 136 (1929); 33 A. L. R. 221 (1924); 43 A. L. R. 866 (1926); 46 A. L. R. 1111 (1927); 100 A. L. R. 744 (1936); 61 A. L. R. 2d 6 (1958). There are many

cases involving similar facts, holding to the same effect, among which are Bersch v. Holton State Street Bank, 247 Wis. 261, 19 N. W. 2d 175 (1945); Kraus v. W. T. Grant Co., 84 Ohio St. 213, 82 N. E. 2d 544 (1948); Dudley v. Montgomery Ward & Co., 64 Wyo. 357, 192 P. 2d 617 (1948). See also Parsons v. H. L. Green Co., 233 Iowa 648, 10 N. W. 2d 40 (1943); Miller v. Gimbel Bros., 262 N. Y. 107, 186 N. E. 410 (1933); Battista v. F. W. Woolworth Co., 317 Mass. 179, 57 N. E. 2d 552 (1944); Conaway v. McCrory Stores Corp., 82 Ga. App. 97, 60 S. E. 2d 631 (1950); Clark v. Carson Pirie Scott & Co., 340 Ill. App. 224, 91 N. E. 2d 452 (1950); Fisher v. Hardesty, 252 S. W. 2d 877 (Ky. 1952). Gill v. Meier & Frank Co., 208 Ore. 536, 303 P. 2d 211 (1956); Grabinski v. St. Francis Hospital, 266 Wis. 339, 63 N. W. 2d 693 (1954).

 In brief, the test of liability is not danger, but negligence, which is the failure of defendant to take such reasonable care as should be taken by prudent men. The evidence wholly fails to reflect any negligence by appellee. Certainly the company was not required to keep a large force of moppers in this open entrance-way to its store during the progress of the rain, in order to mop up the water and dirt as fast as it was tracked or blown in. Plaintiff failed to show that the condition existed for such a length of time that in the exercise of ordinary care the proprietor should have known of it and should have taken action to remedy it. 61 A. L. R. 2d 13. A store keeper owes to a customer the duty to exercise ordinary care to have his building in a reasonably safe condition. But he is not the insurer of the safety of his customers. The wet and dirty condition of the floor of the foyer was caused by the continuing rains and by public use of the entrance-way. It was not caused by appellee, and the evidence does not indicate any failure by appellee in its duty to maintain its premises in a reasonably safe condition, under the circumstances prevailing at the time. Since the verdict and judgment

was for the company, the right result was reached. Its requested peremptory instruction should have been given. So the error in the instruction becomes immaterial. Horton v. Jones, *supra*.

Affirmed.

*McGehee, C. J.,* and *Hall, Holmes* and *Gillespie. JJ.,* concur.