191 So.2d 411 (1966)
F.W. WOOLWORTH CO., Defendant-Appellant,
v.
Mrs. Myrtis STOKES, Plaintiff-Appellee.
No. 44049.
Supreme Court of Mississippi.
October 17, 1966.
Suggestion of Error Overruled November 14, 1966.
*412 Dent, Ward, Martin & Terry, Vicksburg, for appellant.
Harry R. Allen, Brunini, Everett, Grantham & Quin, Vicksburg, for appellee.
PATTERSON, Justice:
This is an appeal from the Circuit Court of Warren County wherein judgment was rendered for the plaintiff in the sum of $5900. The suit was brought for injuries alleged to have been sustained when the plaintiff slipped and fell on the floor of appellant's store.
Plaintiff's charge of negligence against the defendant, in substance, is that on the day she fell it had rained heavily for a considerable time, and the defendant knew or, by the exercise of reasonable care, should have known that customers would bring water into the store on their wearing apparel which would create a slippery condition on the floor hazardous to its customers; that nevertheless, the defendant negligently allowed water to accumulate on the floor of its premises with both actual and constructive notice of its slippery condition prior to plaintiff's fall.
The defendant admitted in its answer that plaintiff fell while walking in the aisle of its store. It admitted the heavy rainfall and admitted that since it was Christmas Eve day, there were many customers who came into the store. It further admitted that these customers brought water into the store on their clothes, umbrellas, and shoes. It denied, however, that it had either actual or constructive notice of the presence of the puddle of water on the floor in which plaintiff slipped, and contended that it had used reasonable care to keep its floors in a reasonably safe condition for the use of its customers. It charged the plaintiff with contributory negligence in "failing to use ordinary care in not observing and stepping in the water, if any, on defendant's floor under the circumstances and weather conditions existing." As a further affirmative defense, defendant charges the plaintiff *413 with assumption of risk, alleging "that the danger of slipping in the puddle of water on defendant's floor as described in the declaration, if any there was on the floor, was open, obvious, and within the knowledge of plaintiff and was fully known to plaintiff and well appreciated by her; that plaintiff in stepping in said puddle of water assumed the risk and danger of so doing."
The record reflects that Christmas Eve day of 1962 was one of intermittent rainfall, it having rained almost continuously from 1:00 in the morning until 7:50 that evening. On this date plaintiff and her husband were Chirstmas shopping in the city of Vicksburg. They arrived at appellant's store at approximately 11:30 in the morning and shopped therein for about thirty or forty minutes before going to the lunch counter which was located in the front section of the store. The counter was crowded and the plaintiff and her husband had to wait for several minutes in order to find seats together for lunch. They were finally seated in the last two seats of the counter, that is, the two seats furthest removed from the north entrance to the store. They finished their lunch at about 1:00 p.m. and walked back along the counter from where they had been served to another part of the store to resume their shopping. At the jewelry counter plaintiff discovered that she had left her scarf at the lunch counter and returned to retrieve it. When she reached the end of the lunch counter nearest the front of the store, her foot slipped in a puddle of water causing her to fall. She was helped to her feet and rejoined her husband who had not accompanied her to obtain the scarf.
Plaintiff reported the accident to the store manager and showed him the puddle of water in which she had slipped and fallen, whereupon the manager mopped the floor in the area of the fall. This area was approximately three feet from the lunch counter and from six to ten feet from the front entrance, though the entrance was separated from the lunch counter by a rail, and additionally, there was an ice cream freezer and a mechanical riding horse between the front entrance and the spot where the plaintiff fell.
The defendant's store manager testified that Christmas Eve was one of the busiest days of the year for the defendant and that he was aware that it had been raining intermittently all day. He further testified that the floor was of vinyl and that it was slippery when wet; that he knew water was being tracked into the store. As a matter of precaution, since water was being tracked into the store by the customers, he had placed a waste can at the entrance to the store in which customers could put their umbrellas; mops were available and were used in the store by the manager and other employees during the day to clean up water which was tracked in. He testified, however, that the defendant did not use Feldspar, an anti-slip compound, nor place rubber mats on the floor.
The assistant manager of the store testified that it was his general duty to supervise the floor and to see that it was kept clean, "and since it was raining that day to be sure that as much of the water as possible would be kept off the floor." He testified that both he and the cleanup boy mopped water from the floor at intervals of approximately fifteen minutes, and though the area of the lunch counter was under his specific supervision, he doubted he was there during the lunch hour, since it was his lunch hour also.
The appellee was a regular customer of Woolworth, the defendant, as she had traded there for a number of years. She was acquainted with many of the personnel of the store, including the manager, the assistant manager, and both regular floor supervisors. She testified that the area in which she slipped was within her view during the time that she and her husband were at the lunch counter, and that she did not see anyone mop this area during that time.
The appellant assigns as error (1) the trial court's overruling appellant's motion for a directed verdict at the close of appellee's *414 testimony, (2) the trial court's refusing appellant's request for a peremptory instruction at the conclusion of all the testimony, (3) the trial court's overruling appellant's motion for a judgment n.o.v. or in the alternative for a new trial, and (4) the trial court's refusing two instructions requested by the appellant with reference to notice, either actual or constructive, of the presence of the puddle of water on the floor.
The thrust of the defendant's assignments of error and argument is that the defendant had no notice, either actual or implied, of the water upon the floor in which the plaintiff slipped and fell. In support of this contention he cites Sears, Roebuck & Co. v. Tisdale, 185 So.2d 916 (Miss. 1966) in which we quoted with approval the following language in Mississippi Winn-Dixie Supermarkets, Inc. v. Hughes, 247 Miss. 575, 584, 156 So.2d 734, 736 (1963):
"* * * where it appears that a floor in a store or similar place of business has been made dangerous by litter or debris present thereon, and that the presence of the litter or debris is traceable to persons for whom the proprietor is not responsible, proof that the proprietor was negligent in relation to the floor condition requires a showing that he had actual notice thereof, or that the condition existed for such a length of time that, in the exercise of reasonable care, he should have known of it."
In the Sears case we said further:
In other words, there must be actual or constructive notice to the store owner. The (sic) may be proved by direct or circumstantial evidence, but it must be proved; otherwise, there would be no liability. (185 So.2d at 917.)
See also Williamson v. F.W. Woolworth Co., 237 Miss. 141, 112 So.2d 529 (1959), as well as numerous authorities from other jurisdictions. This theory, lack of notice, was urged by the defendant in its motions for a directed verdict at the close of appellee's testimony, for a peremptory instruction at the conclusion of all the testimony, for a judgment notwithstanding the verdict, and as the basis for two instructions with reference to notice, all of which were overruled by the trial court.
The plaintiff's theory of the case, as pressed upon us, is founded upon circumstances which were such as to create a reasonable probability that a dangerous condition existed in the area of the lunch counter and that the defendant, with knowledge of the condition, or a reasonable probability that such a condition existed, did not exercise due care in order to minimize the risk of harm to appellee. In short, the plaintiff maintains that the real issue is whether ordinary care was used to remedy a condition known to exist. She contends further that the issue of whether ordinary care was used by the defendant to remedy a hazardous condition known to exist is a factual one for determination by a jury.
The cited cases correctly state the rule of law that notice, either actual or constructive, to a store proprietor of a hazardous floor condition on the premises is essential before there can be liability on his part. Our prior decisions relating to notice of foreign objects or obstacles on a floor which created a hazardous condition, such as a gum ball in Tisdale, supra, dry vermicelli in Hughes, supra, and a banana peel in Williamson, supra, are illustrative of this point. These cases, however, do not fall within the shadow of the facts established here. The present suit is more analogous to that pronounced in 62 A.L.R.2d 6, 33 (1958) as follows:
In contrast with the rule applicable to a floor condition resulting from the act of the proprietor, it is held that where it appears that a floor in a store or similar place of business has been made slippery as a consequence of the presence thereon of water, oil, mud, snow, or a similar substance, and the presence of the substance is traceable to persons for whom the proprietor is not responsible, or to the action of the elements, proof that the proprietor *415 was negligent in relation to the floor condition requires a showing that he had actual knowledge thereof, or that the condition existed for such a length of time that in the exercise of reasonable care he should have known of it.
As indicated, before there can be liability on the part of the proprietor of a store or similar place of business, there must be proof of actual knowledge of the condition or proof that the hazardous floor condition existed for such a length of time that the proprietor in the exercise of ordinary care should have known of it. The importance of the time factor in relation to constructive notice is thus very clear. All courts are in accord that the proprietor is not an insurer of its invitees, and this uniformity is extended to the universal exclusion of the doctrine of res ipsa loquitur in suits to recover for injuries sustained by falls on floors which are alleged to have been made slippery by the presence of water, mud, or snow thereon. This Court recognized these principles in Wallace v. J.C. Penney, Co., Inc., 236 Miss. 367, 375-378, 109 So.2d 876, 879-880 (1959) wherein we stated:
In each such case the question is whether defendant was guilty of negligence which contributed to plaintiff's injuries. Plaintiff must show more than a fall. There have been a large number of cases from other states dealing with similar factual situations. 65 C.J.S. Negligence § 81, p. 588, summarizes them:
"So also the fact that water, slush, and mud are tracked in on the floor of premises because of weather conditions outside ordinarily does not create an actionable situation, although the floor is thereby rendered wet, dirty, and slippery, except, perhaps, in some circumstances, as where it is shown that the construction of the entranceway was inherently dangerous or that the person responsible for the condition of the premises failed to use due care to remedy unreasonably dangerous conditions after actual or constructive notice thereof."
On the same line of cases, 38 Am.Jur., Negligence, Sec. 136, states: "The existence of a slippery place on the floor of a store, on which a customer falls, sustaining injury, is in violation of the proprietor's duty only where he knows or reasonably should know of the presence of this dangerous condition and reasonably could prevent it or warn the customer of the danger. The fact that during a rainstorm some water was thrown into the front of a store, due to the frequent opening of the door by customers, thereby causing the floor to become more slippery than usual, will not give rise to an action against the owner for injuries to a patron who slips upon such floor."
* * * * * *
In brief, the test of liability is not danger, but negligence, which is the failure of defendant to take such reasonable care as should be taken by prudent men. The evidence wholly fails to reflect any negligence by appellee. Certainly the company was not required to keep a large force of moppers in this open entranceway to its store during the progress of the rain, in order to mop up the water and dirt as fast as it was tracked or blown in. Plaintiff failed to show that the condition existed for such a length of time that in the exercise of ordinary care the proprietor should have known of it and should have taken action to remedy it. 61 A.L.R.2d 13. A store keeper owes to a customer the duty to exercise ordinary care to have his building in a reasonably safe condition. But he is not the insurer of the safety of his customers. The wet and dirty condition of the floor of the foyer was caused by the continuing rains and by public use of the entranceway. It was not caused by appellee, and the evidence does not indicate any failure by appellee in its duty to maintain its premises in a reasonably safe condition, under the circumstances prevailing at the time.
The case of S.S. Kresge v. Fader, 116 Ohio St. 718, 158 N.E. 174, 58 A.L.R. *416 132 (1927), cited in Wallace, supra, is perhaps the leading case to the effect that proprietors of businesses are not insurers against accidents of this nature and that it is not the defendant's duty to keep a large force of moppers immediately inside the entranceway to mop rain water as fast as it blows in or is tracked in by wet feet. The Kresge case held that the business proprietor owes only the duty to exercise ordinary care for the protection of customers against injury while in the store and that a floor with no defect, i.e., it was level, properly constructed and surfaced, the only impairment of its safe condition being rain water thereon, which was either blown in or carried in on the feet of incoming customers does not create such a hazardous condition that plaintiff could recover. The reason for the above rule was stated in the following language in the Kresge case:
Everybody knows that, when people are entering any building when it is raining, they will carry some moisture on their feet, which will render the floor near the door on the inside damp to some extent, and every one knows that a damp floor is likely to be a little more slippery than a dry floor. (116 Ohio St. 718, 158 N.E. at 175.)
Recovery was disallowed in Kresge under the theory, as we interpret the decision, of assumption of risk by the plaintiff. It will be noted, however, that in the Wallace case the theories expressed in Kresge, supra, were not adopted in toto but were limited to the conditions prevailing in Wallace. In Wallace we said:
Certainly the company was not required to keep a large force of moppers in this open entrance-way to its store during the progress of the rain, in order to mop up the water and dirt as fast as it was tracked or blown in. Plaintiff failed to show that the condition existed for such a length of time that in the exercise of ordinary care the proprietor should have known of it and should have taken action to remedy it. * * * The wet and dirty condition of the floor of the foyer was caused by the continuing rains and by public use of the entrance-way. It was not caused by the appellee, and the evidence does not indicate any failure by appellee in its duty to maintain its premises in a reasonably safe condition, under the circumstances prevailing at the time. (236 Miss. at 377, 109 So.2d at 880.)
Though Kresge, supra, is persuasive, and Wallace, supra, would be authoritative, if under similar facts, it being within our jurisdiction, we are of the opinion that both should be rejected as being dispositive of the issues here, since in neither of the above cases had the proprietor undertaken steps to correct the hazardous situations. This leads directly to the crux of this lawsuit, and that is: Is it necessary for a plaintiff in a suit of this nature to prove notice of the existence of a specific puddle of water in which a slip occurs when the store owner has knowledge of the general and continuous hazardous condition of his floor caused by water dripping from the wearing apparel of his customers, or is he relieved of this burden of proof by the proprietor's knowledge of the condition, which knowledge is made self-evident by his actions taken to correct the same? If the latter is answered in the affirmative, is not the remaining issue whether or not the steps taken to correct the hazardous situation were reasonable or negligent under the existing circumstances, and also is this not an issue for the jury's determination?
We are of the opinion that when plaintiff has shown that the circumstances were such as to create a reasonable probability that the dangerous condition would occur, he need not also prove actual or constructive notice of the specific condition, in this instance a specific puddle of water. Bozza v. Vornado, Inc., 42 N.J. 355, 200 A.2d 777 (1964); Jacobson v. Yoken's, Inc., 104 N.H. 331, 186 A.2d 148 (1962); Torda v. Grand Union Co., 59 N.J. Super. 41, 157 A.2d 133 (1959); F. *417 W. Woolworth Co. v. Bland, 357 Mo. 339, 208 S.W.2d 263 (1948); Flora v. Great Atlantic & Pacific Tea Co., 330 Pa. 166, 198 A. 663 (1939); Lyle v. Megerle, 270 Ky. 227, 109 S.W.2d 598 (1936).
The plaintiff proved she was an invitee in the defendant's store; she proved the intermittent rainfall on this particular day; she proved that she slipped and fell on the defendant's floor and was injured as a result thereof. The defendant admitted the rainfall; it admitted the slippery condition of the floor; it admitted that it had taken steps to correct the same, but denied knowledge of this particular puddle of water. These facts are similar to those in Shiflett v. M. Timberlake, Inc., 205 Va. 406, 409, 137 S.E.2d 908, 911-912 (1964) wherein the following statements are found:
The gist of the plaintiff's case is that the evidence warranted the jury in finding that the floor of the drugstore had become wet and slippery because of water tracked in by customers prior to the plaintiff's visit there; that the defendant knew or should have known of this condition; and that the defendant was negligent in failing (1) to place a mat inside the door to absorb the water from the feet of the customers, (2) to mop the floor where the water was accumulated, and (3) to warn her that the floor was slippery. Moreover, the plaintiff contends that it was for the jury to say whether, at the time of the accident, she was guilty of contributory negligence. We agree with this position of the plaintiff.
One of the main contentions of the defendant is that, according to what it says is the "majority view," a storekeeper is not liable to an invitee who falls on a floor made wet and slippery by moisture tracked in by customers during inclement weather. There are cases which support this view for the stated reasons that a storekeeper is not responsible for weather conditions, that it is practically impossible to prevent this situation, and that the situation is as well known to the invitee as to the storekeeper. A collection of such cases, including those relied on by the defendant, is found in the annotation in 62 A.L.R.2d 6-124, and other annotations there referred to.
However, many courts take the opposite, and what we think is the better, view that a storekeeper is not exempt from liability to an invitee who falls on a floor made wet and slippery by moisture tracked in by customers during inclement weather.
In our view, the liability of a storekeeper in this type of case does not turn on whether the water on or dampness of the floor was tracked in by other customers. It turns on whether, under the circumstances, the storekeeper has exercised ordinary care to prevent a hazardous condition on his premises, or, if there was such condition, whether he exercised ordinary care to correct it after he knew, or by the exercise of ordinary care should have known, of its existence. * * *
In the present case there is evidence which supports the finding of the jury that the floor had become wet and slippery because of the accumulation of water thereon before Mrs. Shiflett arrived there. As has been said, Ponton, one of the owners, was aware of this. Moreover, this witness set the standard of care required in such a situation when he testified that in inclement weather it was the practice of the store to mop the floor when water accumulated on it and to place a mat at the entrance. Whether he should have taken these precautions on this occasion, and whether he did so, were questions for the jury.
See also Huttinger v. G.C. Murphy Co., 131 Ind. App. 642, 172 N.E.2d 74 (1961) and Robertson Bros. Dept. Store v. Stanley, 228 Ind. 372, 90 N.E.2d 809 (1950).
We are of the opinion that Shiflett announces the better rule of law in regard *418 to an invitee who falls on a floor made slippery by moisture tracked in by customers during inclement weather, and that the liability, if any, of the storekeeper turns on whether, under the circumstances, he has exercised ordinary care to prevent a hazardous condition on his premises or, if there was knowledge of such condition, whether he exercised ordinary care to correct the same. We conclude, therefore, that the trial court properly left this question to the jury for its determination.
The final assignment of error, relating to the refusal of the court to grant defendant's instructions with reference to notice, is disposed of by the foregoing conclusions of the court, and in view thereof we find no merit in this assignment. We are of the opinion that the cause should be affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, BRADY, and SMITH, JJ., concur.