193 So.2d 144 (1966)
Robert CROUCH
v.
MISSISSIPPI POWER & LIGHT COMPANY, Floyd Pinkerton and Thomas Box.
No. 44084.
Supreme Court of Mississippi.
October 17, 1966.
Suggestion of Error Overruled January 3, 1967.
*145 William Liston, Winona, Melvin B. Bishop, Daniel, Coker & Horton, Jackson, for appellant.
Wise, Smith & Carter, Satterfield, Shell, Williams & Buford, Cary E. Bufkin, Green, Green & Cheney, Jackson, for appellees.
SMITH, Justice.
This was an action for damages for personal injuries brought by appellant, Robert Crouch, against appellees, Mississippi Power & Light Company and two of its employees, Floyd Pinkerton and Thomas Box. The case was tried in the Circuit Court of the First Judicial District of Hinds County and resulted in a jury verdict for all of the defendants, appellees here.
*146 The declaration alleges that appellant was injured when he came in contact with an 8000-volt power transmission line of appellee Mississippi Power & Light Company at the point where it crosses U.S. Highway #82. This was alleged to have occured while appellant was engaged in moving a house along the highway and at a time when appellees Pinkerton and Box, as employees and agents of the power company, were, at appellant's request, "acting in a supervisory capacity" with respect to providing safe passage for the house beneath the power transmission lines. The declaration alleges, and plaintiff testified, in substance, that he was injured when he was directed by appellee Pinkerton, power company serviceman, "to take hold of an uninsulated wire and lift it" so as to permit the passage of the house under it, appellant having been on top of the house at the time. It is alleged that, as he did so, he came in contact with the power line carrying 8000 volts of electricity.
On this appeal, appellant first contends that he was entitled to a directed verdict upon the issue of liability.
The testimony relating to the circumstances of appellant's injury is in irreconcilable conflict and presents an issue of fact for determination by the jury. For that reason, the trial court was correct in declining to direct the jury peremptorily to return a verdict for appellant against appellees upon the issue of liability.
Several other grounds for reversal are assigned and argued.
Appellant criticizes, among others, Jury Instruction #1 granted appellee by the trial court. It is argued that it contained an incorrect statement of the law, was improper under the facts in this case, and misled the jury. This instruction quoted at length Mississippi Code Annotated section 2778 (1956) and referred to the National Electrical Safety Code requiring that electric power transmission lines be so erected and maintained that such lines would not be dangerous to persons or property nor interfere with the common use of roads and streets. By this instruction, the jurors were informed that if they should believe that the distribution line met these requirements, appellees were not negligent "insofar as the erection and maintenance" of such lines were concerned, and there could be no liability on the part of appellees on account of the erection and maintenance of the lines. In this case, there was no question as to the erection or maintenance of the lines. The moving of the house beneath the lines, under the circumstances in evidence, was not a "common use of the highway." This instruction should not have been given and was capable of misleading the jury. Moreover, it is contrary to the rule announced in Mississippi Power & Light Co. v. Walters, 248 Miss. 206, 158 So.2d 2, 160 So.2d 908 (1963) and Galloway v. Singing River Elec. Power Ass'n, 247 Miss. 308, 152 So.2d 710 (1963). In the latter case, the Court said that whether a utility is negligent despite compliance with the National Electrical Safety Code is ordinarily a question for the jury.
Appellant contends that it was prejudicial error on the part of the trial court to grant appellees' Instruction #6. This instruction is as follows:
"The Court instructs the jury for the defendants that if you should believe from a preponderance of the evidence in this case that the plaintiff, Robert Crouch, knew and appreciated the dangers existing in connection with the overhead power line in question, and that he, knowing and appreciating these dangers, knowingly and voluntarily placed himself in a position so that he would come into contact with such overhead power line, then the Court instructs you that the plaintiff assumed the risks incident thereto, including the negligence of the defendants, if any, and, if you so believe from a preponderance of the evidence, *147 the defendants are not liable for the plaintiff's injuries and your verdict, in that event, must be for the defendants." (Emphasis added.)
The trial court was in error in granting this instruction and his action in doing so requires that the judgment be reversed and the case remanded for a new trial.
Mississippi Code Annotated section 1454 (1956) provides:
"In all actions hereafter brought for personal injuries, or where such injuries have resulted in death, or for injury to property, the fact that the person injured, or the owner of the property, or person having control over the property may have been guilty of contributory negligence shall not bar a recovery, but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured, or the owner of the property, or the person having control over the property."
The above instruction prevented the application by the jury of the comparative negligence doctrine and eliminated any distinction between assumption of the risk and contributory negligence. Wallace v. J.C. Penney Co., 236 Miss. 367, 109 So.2d 876 (1959).
Under the provisions of section 1454, appellant did not assume the risk "including the negligence" of the appellees. If the jury should find that appellant's negligence combined with negligence on the part of appellees as a proximate cause of the injury, nevertheless, he would be entitled to recover, the amount of recovery to be reduced as required by the statute.
Ten instructions were granted at the request of appellant and twenty-one at the request of appellees. Omitting appellees' Instructions #1 and #6, discussed above, when read together, these instructions embodied a correct statement of applicable law. Other errors assigned are without merit or concern matters unlikely to occur upon a retrial of the case.
Reversed and remanded.
GILLESPIE, P.J., and RODGERS, PATTERSON and ROBERTSON, JJ., concur.
GILLESPIE, Presiding Justice:

ON SUGGESTION OF ERROR
The suggestion of error filed by defendants-appellees develops at length and in depth the argument that this Court erred in holding that it was error to grant defendants-appellees the following instruction on assumption of risk:
The Court instructs the jury for the defendants that if you should believe from a preponderance of the evidence in this case that the plaintiff, Robert Crouch, knew and appreciated the dangers existing in connection with the overhead power line in question, and that he, knowing and appreciating these dangers, knowingly and voluntarily placed himself in a position so that he would come into contact with such overhead power line, then the Court instructs you that the plaintiff assumed the risks incident thereto, including the negligence of the defendants, if any, and, if you so believe from a preponderance of the evidence, the defendants are not liable for the plaintiff's injuries and your verdict, in that event, must be for the defendants.
It is argued that the Court erroneously held that it was error to instruct the jury that if certain facts were found to be true the plaintiff-appellant assumed the risk, "including the negligence of the defendants." Appellees say that an injured person can assume a risk, including negligence of the defendant. Their position is abstractly correct. Until the plaintiff has shown negligence on the part of defendant, assumption of risk does not come into play, for unless the cause of the injury is the defendant's negligence, there is nothing to assume.
*148 The two requirements necessary to establish the defense of assumption of risk are: (1) the plaintiff must know and fully understand the risk he is incurring; that is to say, the risk which the defendant has negligently created; and (2) the plaintiff's choice to incur the risk must be free and voluntary. Prosser, Torts, § 67, at 461 (3d ed. 1964). These same requirements are stated somewhat differently in Dendy v. City of Pascagoula, Miss., 193 So.2d 559, decided on this date. "Knowledge of the risk is the watchword of assumption of risk." Prosser at 462. Even where there is knowledge and appreciation of a risk, the plaintiff may not be barred from recovery where the situation changes to introduce a new element; and the fact that the plaintiff is fully aware of one risk does not mean that he assumes another of which he is unaware. Id. at 464.
We assume, without deciding, that there were issues of negligence in the present case which could properly have been the subject of an instruction on the doctrine of assumption of risk. The instruction in question did not, however, limit "the negligence of the defendants" assumed by the plaintiff to that of which the plaintiff had full knowledge. The main factual issue involved in this case was whether Mr. Pinkerton, employee of the Power Company, made the statement to the plaintiff that the wire was harmless, and that the plaintiff should take hold of it and lift it up. Mr. Pinkerton was one of two men sent to the scene by the Power Company to supervise the passage of the house under the power lines. If Mr. Pinkerton made the statement in question, he and his employer were negligent. This negligence would be a new element in the situation as it existed, and one of which the plaintiff could not have been aware. The risk to the plaintiff could not have been voluntarily incurred by him, because the statement of Mr. Pinkerton would reasonably lead the plaintiff to believe that there was no danger involved in lifting the wire. The instruction as given allowed the jury to conclude that the plaintiff assumed all negligence of the defendants, including the statement by Mr. Pinkerton which introduced a new element, unknown to the plaintiff. This feature of the instruction in question renders it fatally defective.
Appellees rely on Saxton v. Rose, 201 Miss. 814, 29 So.2d 646 (1947). In that case the passenger voluntarily rode in a truck beside a driver who was so obviously drunk that the passenger was aware of his condition. Neither the driver of the truck nor the owner of the truck could be held liable for the passenger's death as a result of the driver's negligence. In that case the passenger knew and appreciated the danger, and assumed the risk of riding with a drunken driver. The driver's negligence became the negligence of the passenger. The passenger knew, appreciated and deliberately exposed himself to the danger, and thereby assumed the risk. The facts in Saxton v. Rose are wholly different from those in the case at bar. The plaintiff in the present case had no knowledge or appreciation that the assurances claimed to have been given him were false. Under no circumstances can it be said that he deliberately assumed the risk that Mr. Pinkerton would erroneously assure him that the wire would not hurt him. We find no similarity in fact or principle between the case at bar and Saxton v. Rose.
We have given careful consideration to appellees' contention that the errors in the instruction were harmless and that the case should be affirmed under Mississippi Rule 11. We have also given due consideration to the contention that all the instructions when read together correctly instructed the jury. We are of the opinion that this is not a case for application of the harmless error rule. The instruction on assumption of risk cannot be reconciled with the other instructions. If literally applied, it was close to a peremptory instruction for defendants.
Suggestion of error overruled.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.