413 So.2d 118 (1982)
Theodore R. HOBBS, Jr., and Virginia Hobbs, Appellants,
v.
ARMCO, INC., d/b/a National Supply Company, Maryland Casualty Company, and Bellefonte Insurance Company, Appellees.
No. VV-54.
District Court of Appeal of Florida, First District.
April 26, 1982.
*119 Louis K. Rosenbloum, of Levin, Warfield, Middlebrooks, Mabie, Rosenbloum & Magie, and Norton Bond, Pensacola, for appellants.
Robert P. Gaines, of Beggs & Lane, Pensacola, for appellees.
LARRY G. SMITH, Judge.
Appellant Hobbs appeals a summary final judgment adverse to him in his personal injury suit against appellee, Armco Steel Corporation, arising from an accident involving oil well drilling equipment manufactured by Armco. We agree with appellant's contention that it was error to enter summary judgment for appellee Armco. We reverse.
Hobbs, a motorman in an oil well drilling crew, was injured when a pipe fell off of a V-door ramp, or Kelly slide, manufactured by Armco. The accident occurred on a drilling rig near Hattiesburg, Mississippi. As a result of the accident, the pipe severed Hobbs' spine, causing him to be partially paralized. The complaint alleges that the V-door ramp was defective because it had no safety devices or guard rails which would prevent pipes or other materials from rolling off the ramp and striking workmen within the area. The complaint predicated liability upon theories of negligence, breach of implied warranty, and strict liability. Appellee-Armco denied all material allegations of the complaint, and further asserted affirmative defenses of assumption of risk and contributory negligence.
Applying Mississippi law, which recognizes the defense of assumption of risk, the trial court granted Armco's motion for summary judgment upon a finding that Hobbs had knowledge of the defective condition of the V-door ramp, appreciated the danger, and "continued to work with such knowledge and appreciation."[1]
Crouch v. Mississippi Power and Light Company, 193 So.2d 144 (Miss. 1966), supports *120 appellant's contention that the trial court erred in awarding summary judgment. Citing Prosser, Torts, § 67, at 461 (3d ed. 1964), Crouch stated two requirements necessary to establish the defense of assumption of risk, viz:
(1) the plaintiff must know and fully understand the risk he is incurring; that is to say, the risk which the defendant has negligently created; and (2) the plaintiff's choice to incur the risk must be free and voluntary. Prosser, Torts, § 67, at 461 (3d ed. 1964)... . `Knowledge of the risk is the watchword of assumption of risk.' Prosser at 462. Even where there is knowledge and appreciation of a risk, the plaintiff may not be barred from recovery where the situation changes to introduce a new element; and the fact that the plaintiff is fully aware of one risk does not mean that he assumes another of which he is unaware. Id. at 464.
In this case, appellant recognizes that he had knowledge of the danger of pipes sliding off of the V-door ramp. However, he points to evidence indicating that at the time of the accident he had no knowledge that the hook of the air hoist line, which secured the pipe, had come loose, and that the pipe was no longer being held in place by the air hoist, and was free to roll off of the ramp. Appellant had no knowledge, in other words, that the unsecured pipe was simply leaning against the ramp. In accordance with the principles applied in the Crouch case, above quoted, we agree that this evidence presents a factual issue which would preclude a finding of assumption of risk as a matter of law.
Referring to the requirement that the plaintiff's choice to incur the risk must be "free and voluntary," Crouch, supra, in order for assumption of risk to apply, appellant indicates that this requirement has not been met in the case before us. Appellant points to evidence that he went to the position at the base of the V-door ramp where the injury occurred in compliance with the specific and direct instruction of his supervisor. He argues that he thus had no reasonable alternate course of conduct, and cannot be held to have placed himself in a position of known peril freely and voluntarily. Under Mississippi law, an employee is relieved from any assumption of risk of his master's negligence while performing work which he is specifically ordered to do. Goss v. Kurn, 187 Miss. 679, 193 So. 783 (Miss. 1940). The same principle has been applied in a strict liability action by an injured workman against the manufacturer of a machine which caused the worker's injury. Green v. Edmands Co., 639 F.2d 286 (5th Cir.1981). That case dealt with injuries to a worker who was changing gears on a machine in the manner contemplated by the manufacturer. The court held that the mere fact the injured worker might have had knowledge and appreciation of the danger involved in the operation would be insufficient to invoke the defense of assumption of risk. Thus, said the court: "An individual who has no choice but to encounter the risk cannot be found to have voluntarily encountered the risk." Id. at 290. The evidence disclosed that alternative methods could have been devised for changing of the gears, one of which would have been to provide a special "T-wrench," to avoid the necessity for the operator to be in a kneeling position and to grasp the gear with his bare hands. The inquiry into "voluntariness" thus contemplates consideration of whether a reasonable alternative course of conduct was available to the plaintiff. Green concluded: "Where, as here, appellant followed the procedures contemplated by the manufacturer who offered no alternative course of conduct to accomplish the task, we conclude that appellant cannot be found to have assumed the risk." Id. at 290.
Although we are cognizant that appellee may not be held responsible for the negligence of appellant's employer, we nevertheless conclude that the issue of "voluntariness" must take into account all the circumstances surrounding the accident, including directions by the employer, and the availability of alternatives open to the appellant. Such a determination is in our opinion, a matter for the jury.
*121 Since this case must be tried under the law of Mississippi, we offer further additional comments. Assumption of risk is a complete defense under Mississippi law. Elias v. New Laurel Radio Station, Inc., 245 Miss. 170, 146 So.2d 558 (1962). It is noted, however, that since contributory negligence is applied comparatively under a statute adopted in 1910, there are problems in the application of the doctrine of assumption of risk. The Supreme Court of Mississippi addressed this problem in Braswell v. Economy Supply Co., 281 So.2d 669, 677 (Miss. 1973), and set forth the rule that "where assumption of risk overlaps and coincides with contributory negligence the rules of the defense of contributory negligence shall apply." The court has also stated, in an automobile case, that the doctrine should seldom be employed "except where the plaintiff's conduct is venturous...." Yarbrough v. Phipps, 285 So.2d 788, 790 (Miss. 1973). More recently, in Alley v. Praschak Mach. Co., 366 So.2d 661 (Miss. 1979), although the court approved the submission of the assumption of risk issue to the jury, it reiterated the Elias requirement of a "deliberate and voluntary choice" on the part of the injured plaintiff to expose himself to the danger "in such a manner as to register assent on the continuance of the dangerous condition." Id. at 664.[2]
As we view the authorities above cited, and others referred to in the briefs of the parties, the issue is not whether Hobbs had knowledge, acquired over a period of years in working around oil well drilling rigs, that pipe and objects could fall from a ramp unprotected by railings or barriers. The issue, rather, is whether at the time of the accident, Hobbs can be said to have deliberately and voluntarily placed himself in a position to be injured when the air hoist line slipped from the ten inch pipe, allowing it to fall from the unguarded V-door ramp. Although appellee urges that Hobbs had knowledge that on previous occasions, pipe had fallen off the side of the slide, and that he had told his supervisor that something needed to be done to correct it, these facts alone establish only general knowledge. We are not persuaded that the requirements of assumption of risk are satisfied merely because Hobbs continued to work on the oil rig. To so hold would virtually eliminate actions for personal injury suffered by workers engaged in potentially hazardous occupations. It is not surprising that the Mississippi court has held that assumption of risk is a jury question in all but the clearest cases. See Daves v. Reed, 222 So.2d 411, 414 (Miss. 1969), and authorities therein cited.
REVERSED and REMANDED.
ERVIN and SHIVERS, JJ., concur.
NOTES
[1] We find no abuse of discretion in the trial court's granting of Armco's motion at the summary judgment hearing allowing Armco to amend its answer by alleging that Mississippi law applied. See, State Farm Mutual Automobile Insurance Company v. Olsen, 406 So.2d 1109 (Fla. 1981); also, Section 90.202(2), Florida Statutes (1979), and Section 92.031, Florida Statutes (1975).
[2] In footnote 1 of the Alley opinion, 366 So.2d at 665, the author of the opinion observes: "The writer feels that the assumption of risk issue seldom should be submitted to a jury under Mississippi's Comparative Negligence Law. Where the assumption of risk doctrine would apply, the negligence of the injured person, for practical purposes, would have to be the sole proximate cause of the accident, and such issue should be submitted to the jury rather than assumption of risk.