ETHRIDGE, Chief Justice:
Ivo Reaves, appellant,' filed this negligence action for personal injuries in the Circuit Court of Tippah County against Dan Wiggs, appellee-defendant. The jury returned a verdict for Wiggs, and we affirm.
Wiggs was in the automobile parts business in Ripley, in a building with an L-shape. The main entrance was on Main Street, and the unloading and shop entrance on Mulberry Street. Reaves was a mechanic in his own garage, and purchased parts and machine shop service from Wiggs. At the rear or shop entrance on Mulberry Street, there was a large sliding door. Cut in this door, about. 30" from the floor, was a “hand-out window” 24" square. On the morning in question, Reaves took a valve cover and oil pan to Wiggs’ shop, went in the back door when no one was present, and placed them in a cleaning vat, which was 28" wide, 36" long, and 26" from the top of the vat to the floor. The vat contained forty-five gallons of water, and fifteen to eighteen pounds of caustic cleaning powder, PR8, consisting mainly of commercial lye and detergent. The vat had been refilled that morning, with the water level being about 6" from the top of the vat. There was a gas burner under it heating the contents to the proper temperature for cleaning automobile parts.
At the lunch hour defendant’s employee locked the sliding door to the shop. While it was locked, Reaves returned, and entered the shop by climbing through the “handout window.” He got a hook to lift the parts out of the vat. He stated that, when he was about two feet from the vat, standing erect, its contents exploded and erupted and struck him in the face. The liquid “just blew up” in his face. He had been a mechanic for many years, and had never seen any other cleaning vat with a similar caustic solution blow up or erupt its contents in that way. He said that the liquid came -into his face in a “big squirt,” as if a plunger had pushed it out. The accident resulted in the loss of sight in both of Reaves’ eyes, and considerable burns in his mouth and the upper parts of-his body.
Appellant’s assignments of error pertain solely to four instructions granted defendant by the circuit court: Two contain definitions of an invitee, and the others are concerned'with describing the preponderance of the evidence. However, we conclude that defendant was entitled to a peremptory instruction on liability, and therefore we do not reach consideration of any asserted errors in these four instructions. Since the trial court should have granted Wiggs a peremptory instruction, any errors in the jury instructions could not be prejudicial. Mississippi Rule 11 (1964) states: “No judgment shall be reversed on the ground of misdirection to the jury * * * unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice.”
The sole ground of negligence charged in the declaration was that defendant knew, or by the exercise of reasonable care should have known, of the highly dangerous nature of the caustic solution in the cleaning vat, and should have known and foreseen that, in the course of heating, it was likely to erupt in a sudden manner and injure anyone near it; that defendant failed to give plaintiff any warning of these dangerous characteristics; and that the vat was left uncovered and unattended “without warning signs.” Parenthetically, plaintiff submitted no instruction to the jury describing the negligence alleged in the declaration. His instruction No. 4 allowed the jury to find for plaintiff if defendant “was guilty of any negligence which was a direct and proximate cause of the injuries” to plaintiff.
Nevertheless, the evidence failed to make a jury issue on the negligence charged in the declaration, or on any other type of negligence. On the contrary, it reflected that there were a number of signs directing persons to keep out of the work area, *403 which was for employees' only. Reáves had been an automobile mechanic for many years and was familiar with the use, of caustic cleaning vats. The cleaning solution had never been known by anyone to erupt or explode in the manner claimed by Reaves. The manager of the regional distributor for the cleaning solution was plaintiff’s witness, and he testified that it had no explosive characteristics. A chemist, testifying for'defendant, made experiments with this caustic cleaner, He said that it had no explosive or eruptive characteristics. Several mechanics testified for' defendant' to the same effect.
In short, the undisputed evidence shows that Wiggs had no reason to know, or any reasonable ground to inquire, whether the caustic solution in the vat was of an explosive or eruptive nature. If in fact he had inquired of chemists or others, he would have been advised that it did not have that characteristic. Assuming without deciding that a jury might find that plaintiff was an invitee, Wiggs must still have had some knowledge of the alleged danger from the solution, or a duty to inquire, before he could be held to be negligent in not giving warning of it. No man can be expected to guard against events which are not reasonably to be anticipated, or are so unlikely that the risk would be commonly disregarded. Sturdivant v. Crosby Lbr. & Mfg. Co., 218 Miss. 91, 65 So.2d 291 (1953).
If the defendant could not reasonably foresee any injury as the result of his acts, or if his conduct was reasonable in the light of what he could anticipate, there is no negligence and no liability. Prosser, Torts § 50 (3d ed. 1964). There is none here. Accordingly, we do not reach the question of whether the evidence shows that appellant was a trespasser, licensee or invitee.
Affirmed.
RODGERS, JONES, PATTERSON and ROBERTSON, JJ.', concur.