Appellant, Mrs. Ivey M. Stanley, was the plaintiff in the Circuit Court of Harrison County, Mississippi, in a suit against appellees, Morgan Lindsey, Inc. and West Biloxi Realty Corporation, for personal injuries resulting from an accidental fall. At the conclusion of plaintiff's testimony, the trial judge, on motion of the defendants, directed the jury to find for defendants. The plaintiff has appealed to this Court, and complains that the facts presented to the trial court were sufficient to raise a jury issue of negligence, and that the trial court erred in refusing to permit the jury to determine the issue.
These facts are admitted by appellees and are not in dispute. Mrs. Ivey M. Stanley, a seamstress from Ft. Worth, Texas — while visiting her son, a major in the Air Force, at Biloxi, Mississippi — went to the Morgan Lindsey store to make some purchases. Mrs. Stanley was accompanied by her daughter-in-law, Mrs. Delores Stanley. They parked their automobile in the large parking lot in front of the Morgan *Page 475 Lindsey store and a supermarket. The store building and parking lot were owned by the defendant West Biloxi Realty Corporation. Pictures of the parking lot and the sidewalk in front of the two stores were introduced in evidence. The testimony shows that the cement sidewalk was ten feet wide and was elevated seven and one-half inches above the cement parking lot, constituting a curb between the parking lot and the sidewalk. The south side of the curb facing the parking lot was painted yellow, but none of the painted area was visible to customers going south from the store of Morgan Lindsey. The appellant and her daughter-in-law, after having concluded their business, walked out of the store onto the sidewalk. The appellant, who was wearing bifocals, was walking behind her daughter-in-law. She was carrying in a bag the articles she had purchased. Mrs. Delores Stanley stepped down from the walk to the cement parking lot and proceeded toward the parked automobile. The appellant stopped after she reached the sidewalk, and looked for the automobile. It was then about noon, and the sun was shining brightly. She testified that "it just looked like an illusion," and that "it looked like one big solid slab of concrete, all on the same level." As she walked toward the automobile, she slipped off the sidewalk at the curb, fell and was seriously injured. She said that she knew the curb was there when she went into the store, but when she came out she did not see the curb or remember that it was there. She admitted that the curb or "step-down" was visible in the picture offered in evidence on behalf of the appellees, but stated that "with the picture here that's where the walk is, but coming out there was nothing to show that."
Mrs. Delores Stanley testified to facts similar to those detailed by the plaintiff, and to other events that occurred after the accident. The photographer identified the pictures, and the rest of the evidence was largely information as to the extent of the injuries.
The plaintiff argues on appeal that the testimony raised an issue for determination by the jury, because the action of the trial judge "is in direct violation of Section 1455 of the Mississippi Code of 1942, recompiled, as amended, which provides the following: `All questions of negligence and contributory negligence shall be for the jury to determine.'" This argument, of course, presupposes that the evidence showed that there was a question of negligence to be submitted to the jury.
Negligence is said to be: "Omission to do something which a reasonable man, guided by those considerations which ordinarily regulate the conduct of human affairs, would do, or the doing of something which a prudent and reasonable man would not do." Bouvier's Law Dictionary 2312 (8th ed. 1914); Edwards v. Murphree, 249 Miss. 78, 160 So.2d 689 (1964). It is also pointed out that negligence is the result of the failure to perform a duty; therefore actionable negligence cannot exist in the absence of a legal duty to an injured plaintiff. 38 Am.Jur. Negligence § 12 (1941); Annot., 95 A.L.R.2d 1391 (1964); Georgia Cas. Co. v. Cotton Mills Products Co., 159 Miss. 396, 132 So. 73 (1931); Gulf, M. N.R.R. v. Sparkman, 180 Miss. 456, 177 So. 760 (1938).
The plaintiff bases her claim against the defendants upon the theory that since the plaintiff was a customer of the defendant, Morgan Lindsey, it was the duty of the operator of the business to exercise reasonable or ordinary care to keep the store premises in a reasonably safe condition for the use of its business invitees. There can be no doubt that this is the general rule throughout the United States (65 C.J.S. Negligence § 63(130) (1966)), and it is also the rule in this state. Gulfport Winn-Dixie, Inc. v. Taylor, 246 Miss. 332, 149 So.2d 485 (1963); Wallace v. J.C. Penney Co., 236 Miss. 367, 109 So.2d 876 (1959); Daniels v. Morgan Lindsey, Inc., 198 So.2d 579 (Miss. 1967). *Page 476 
The declaration is not clear as to what duty the West Biloxi Realty Corporation owed the plaintiff, but it is assumed for the purpose of this opinion that this claim is based upon the legal proposition that the owner of a shopping center who retains possession and control of the premises or a parking lot, owes business invitees the duty to exercise reasonable care to maintain the shopping center parking lot in a reasonably safe condition. Lepnick v. Gaddis, 72 Miss. 200, 16 So. 213, 26 L.R.A. 686 (1894); 65 C.J.S. Negligence § 63(130) (1966).
It is true that while a business establishment maintains the sidewalk and parking lot for the use of its customers, it owes them the duty to keep the premises in a reasonably safe condition and must exercise care for their safety. The owner of a business is not an insurer of the customers using the parking lot and sidewalks, and is not liable for injuries caused by conditions which are not dangerous or which are or should be known or obvious to the customer. 65 C.J.S. Negligence § 63(130) (1966). He is not required to keep the premises absolutely safe, or in such a condition that no accident could possibly happen to a customer. Miami Coin-O-Wash, Inc. v. McGough, 195 So.2d 227 (Fla. 1967). We said in another "slip and fall" case, Paramount-Richards Theatres v. Price, 211 Miss. 879, 53 So.2d 21
(1951), that the owner of premises is not required to anticipate an unusual and improbable result such as the injury sustained by the plaintiff in that case. Plaintiff became confused while looking in a mirror and slipped down steps. The Court there said:
 "The owner is merely required to anticipate a result that is more apt to happen than not to happen, that is to say he must anticipate only such a result as is reasonably foreseeable as a probable consequence of his act." (211 Miss. at 887, 53 So.2d at 22)
The rule is set out in 38 Am.Jur. Negligence § 96 (1941), at 754-56, as follows:
 "The rule is that an owner or occupant of lands or buildings, who directly or impliedly invites others to enter for some purpose or interest or advantage to him, owes to such persons a duty to use ordinary care to have his premises in a reasonably safe condition for use in a manner consistent with the purpose of invitation, or at least not to lead them into a dangerous trap or to expose them to an unreasonable risk, but to give them adequate and timely notice and warning of latent or concealed perils which are known to him but not to them. Summarily stated, to the extent of the invitation given, a property owner owes to an invitee the duty of prevision, preparation, and lookout. An owner in occupation of the premises violates his duty to an invitee when he negligently allows conditions to exist on the property which imperil the safety of persons upon the premises. For such violation, he is responsible in damages to the injured person, provided, of course, due care was exercised by that person."
On the other hand, it is also a general rule that:
 "A customer in a store is bound to take ordinary or reasonable care for his own safety. Upon entering a store, a customer is required to use in the interest of his own safety that degree of care and prudence which a person of ordinary intelligence and prudence would exercise under the same or similar circumstances. He must make a reasonable use of his own faculties to observe and avoid dangers upon the premises."
38 Am.Jur., Negligence § 199 (1941), at 879.
No one is expected to guard against events which are not reasonably to be anticipated or which are so unlikely that the risk would be commonly disregarded. Reaves v. Wiggs,192 So.2d 401 (Miss. 1966). In the case of Hopkins v. Sefton Fibre Can Company, 390 S.W.2d 907, 912 *Page 477 
(Mo. 1965), where a woman brought a suit against the can company for damages for personal injuries resulting from a fall over a lane divider in an automobile parking lot, the court held that the evidence was insufficient to show improper illumination in the lot, and quoted from Wilkins v. Allied Stores of Missouri,308 S.W.2d 623, 628 (1958), where it was said:
 "* * * Under the rule the defendant was only required to exercise ordinary care to prevent injury to plaintiff. The defendant, as the occupier of the premises in question, was not liable to plaintiff-invitee for injuries resulting from an open and obvious condition of the premises as well known to the plaintiff as to the defendant. Accordingly, if the plaintiff was aware of the condition, or it was such that she must have been conscious of it and of the consequences of disregarding it, she cannot recover. (Citing many cases)"
In Sanders v. Jefferson Furniture Company, 111 Ga. App. 59,140 S.E.2d 550, 552 (1965), where suit was brought against a store owner for injuries sustained by a customer who tripped over a drainage ridge in the store parking lot, the Court reviewed several cases where a customer tripped or fell over "cement separators" and a concrete bar or curb rising six inches, and said:
 "We can see no substantial difference in the situations presented or in the charges of negligence in those cases and that now considered. For the reasons given in them the trial court erred in overruling defendant's general demurrer here."
The case was reversed and the bill dismissed. See also Safeway Stores, Inc. v. McCoy, 376 P.2d 285 (Okla. 1962); Parker's Hamburger No. One v. Fitzgerald, 88 Ariz. 276, 356 P.2d 25
(1960); Bruno v. Pendleton Realty Co., 240 S.C. 46,124 S.E.2d 580 95 A.L.R.2d 1333 (1962).
From the foregoing we have reached the conclusion that (1) the fact that the sidewalk was seven and one-half inches above the parking lot was not such a condition as to cause the owner of the business to reasonably anticipate that one would fall or trip over the curb to the sidewalk, and (2) the rise or step-off was not inherently dangerous, and was obvious, open and apparent to persons going into the store. There was no negligence shown by the evidence.
We do not find any merit in the other assignments of error; therefore, the action of the court in directing a verdict in favor of the defendants in the trial court was proper, and the judgment is hereby affirmed.
Affirmed.
All Justices concur, except BRADY, J., who took no part.