561 So.2d 319 (1990)
AVENTURA MALL VENTURE, a Florida General Partnership, and Oxford Development, a General Partner D/B/a AVENTURA MALL, Appellants,
v.
Betty OLSON, Individually, Appellee.
No. 89-1126.
District Court of Appeal of Florida, Third District.
March 20, 1990.
Certification Denied June 13, 1990.
Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, P.A., and Shelley H. Leinicke, Fort Lauderdale, for appellants.
Floyd Pearson Richman Greer Weil Zack & Brumbaugh and Herman J. Russomanno, Beth Bloom, and Sally R. Doerner, Miami, for appellee.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
JORGENSON, Judge.
Aventura Mall Venture (Aventura) appeals from a final judgment entered after an adverse jury verdict in a slip-and-fall negligence action. We reverse based upon our finding, as a matter of law, that Aventura committed no act of negligence in this case.
On a clear day in December, 1986, Betty Olson was injured when she slipped and fell from a six-inch sidewalk curb at the Aventura Mall. Olson brought a negligence action against Aventura. Olson alleged that Aventura's failure to paint the "crown" of the sidewalk curb yellow[1] constituted negligence because Olson was not adequately warned of the step-down from the sidewalk. Olson also alleged that Aventura negligently designed and maintained the area surrounding the curb in an unreasonably dangerous condition.[2] As evidence of the curb's allegedly dangerous condition, Olson introduced photographs taken at other malls in Dade County depicting curbs painted yellow in their entirety.
Aventura asserted as affirmative defenses that it had no duty to warn Mrs. Olson of the existence of an ordinary sidewalk *320 curb[3] and that Mrs. Olson was comparatively negligent because she was not looking where she was going at the time of the accident.[4] The trial court denied Aventura's motions for directed verdict. The jury returned a verdict against Aventura assessing damages of $230,000.[5]
Aventura contends on appeal that the trial court erred in refusing to direct a verdict in its favor. Specifically, it argues that there was no duty to warn Mrs. Olson of the step-down from an ordinary sidewalk curb and that Olson failed to introduce any evidence to demonstrate that the curb was inherently dangerous.[6] We agree.
It is well settled that "the duty of a landowner to a business invitee is to maintain the premises in a reasonably safe condition and to warn the invitee of latent perils which are known or should be known to the owner but which are not known to the invitee or which, by the exercise of due care, could not be known to him." Crawford v. Miller, 542 So.2d 1050, 1051 (Fla. 3d DCA 1989), quoting Storr v. Proctor, 490 So.2d 135, 136 (Fla. 3d DCA), rev. denied, 500 So.2d 546 (Fla. 1986); Levy v. Home Depot, Inc., 518 So.2d 941, 942 (Fla. 3d DCA 1987). "An owner is entitled to assume that the invitee will perceive that which would be obvious to him upon the ordinary use of his own sense[s], and is not required to give the invitee notice or warning of an obvious danger." Crawford, 542 So.2d at 1051 (citations omitted).
The curb in question was not a concealed or latent danger. See Bowles v. Elkes Pontiac Co., 63 So.2d 769, 772 (Fla. 1952) (presence of uneven floor levels in public places does not constitute hidden and dangerous condition); Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366, 368 (1942) (same); Circle K Convenience Stores, Inc. v. Ferguson, 556 So.2d 1207 (Fla. 5th DCA 1990) (uneven parking lot surface which caused plaintiff to fall not a hidden dangerous condition where trip and fall occurred on dry sunny day and nothing obstructed plaintiff's view). Furthermore, this was not a case where the surrounding conditions of the step-down were sufficient to transform a normally non-negligent condition into a negligent one. See N.W. Florida Crippled Children's Ass'n v. Harigel, 479 So.2d 831 (Fla.1st DCA 1985) (surrounding conditions of step-down, namely, pipe which displayed clothes for sale and extended over step-down, could have transformed normally non-negligent condition into negligent one). On the day of Olson's accident the weather was clear, the lighting around the sidewalk was adequate, and there were no foreign objects on the sidewalk. The curb was plainly visible and could have been seen by Olson had she been looking where she was going.
Olson's allegation that an inherently dangerous condition existed because the color of the curb "crown" blended in with the driveway below and concealed the existence of the step-down is likewise without merit. It is a matter of common knowledge that "the sidewalks and the dropoff[s] from such sidewalks to the streets have the same color as the streets in thousands of instances throughout Florida." Bowles, 63 So.2d at 772. Indeed, Aventura admitted several photographs showing such conditions into evidence. In a strikingly similar case, the Supreme Court of Mississippi held that a sidewalk that was 7 1/2 inches above the parking lot could not be considered inherently dangerous and was an obvious open and apparent condition. *321 Stanley v. Morgan & Lindsey, Inc., 203 So.2d 473, 477 (Miss. 1967). Mrs. Stanley, the appellant in that case, slipped off the sidewalk at the curb, fell, and was seriously injured. In Stanley, as here, a portion of the curb was painted yellow, but none of the painted area was visible to customers going south from the store where the trip-and-fall occurred. Id. at 475. Mrs. Stanley testified that "it just looked like one big solid slab of concrete, all on the same level." Id. The court concluded that the step-off was not inherently dangerous and that there was no evidence of negligence. Id. at 477.
Mrs. Olson encountered a condition which was permanent, in place, and obvious. There was no proof of any defect in the sidewalk curb which caused Mrs. Olson to fall. In other words, there was no evidence of negligence. We agree with the Fifth District's recent pronouncement in Ferguson that "some conditions are simply so open and obvious, that they can be held as a matter of law not to constitute a hidden dangerous condition." The condition complained of here represents such a case. To hold that an ordinary sidewalk curb, without more, is inherently dangerous would make every municipality and business establishment the virtual insurer of the safety of every pedestrian. Accordingly, we find as a matter of law that Aventura committed no act of negligence in this case.
The judgment appealed is reversed, and this cause is remanded with directions to enter judgment in accordance with the appellants' motion for directed verdict.
Reversed and remanded with directions.
NOTES
[1] The curb in question was painted yellow only on its vertical side.
[2] Olson alleged that the unpainted curb crown, which was all that she could see as she approached the curb from the sidewalk, appeared to blend in with the driveway below and provided no warning that a change in elevation was about to occur.
[3] During trial, Aventura called Mr. Mendelsohn, the manager of Dadeland Mall and former manager of Westland Mall. Mendelsohn testified that the purpose of the painted curbs is simply to signal no-parking zones. Aventura also submitted photographs of curbs which, like the curb here, were not painted yellow on the top.
[4] Olson's companion acknowledged that she and Mrs. Olson were "chatting" right before the accident occurred.
[5] The jury determined that Olson was 50% comparatively negligent; the final judgment awarded Olson $115,000 in damages.
[6] Because we reverse the judgment on the merits, we do not reach the evidentiary issue raised on appeal.