WARNER, C.J.
We review an order granting summary judgment in a trip and fall case, involving a step up to the door of a gas station. We hold that the affidavit of an expert which stated that failure to clearly delineate differences of elevation between the step and the driveway violates proper industry procedures, creates a material issue of fact as to whether there was negligence on the part of the owner. Therefore, we reverse.
The appellant parked in appellee’s gas station, purchased gas, and then entered the store to ask for directions. She had to step up onto the sidewalk to get into the store. As she was exiting the store, she was looking straight ahead and fell from the sidewalk onto the driveway. She attested to the fact that the step down was approximately one to three feet from the door, so that she had taken a few steps outside the door before she fell.
Appellant filed the affidavit of an expert who testified that proper industry standards required that changes in elevation not be disguised and must be clearly identifiable by normally attentive pedestrian users. The expert opined that because there was no change of coloration between the step and the driveway in this case, it created an optical illusion that there was no step down. Also included in the record are photographs of other gas stations that highlight the presence of the step outside their entrance with yellow, black, or white paint, distinguishing the coloration from the walkway or driveway.
In granting summary judgment, the trial court understandably relied on Aventura Mall Venture v. Olson, 561 So.2d 319 (Fla. 3d DCA 1990), and Gorin v. City of St. Augustine, 595 So.2d 1062 (Fla. 5th DCA 1992). In Aventura, the court stated:
Olson’s allegation that an inherently dangerous condition existed because the color of the curb “crown” blended in with the driveway below and concealed the existence of the step-down is likewise without merit. It is a matter of common knowledge that “the sidewalks and the drop-off[s] from such sidewalks to the streets have the same color as the *1155 streets in thousands of instances throughout Florida.” Bowles [v. Elkes Pontiac Co., 63 So.2d 769, 772 (Fla. 1952) ]. Indeed, Aventura admitted several photographs showing such conditions into evidence....
... We agree with the Fifth District’s recent pronouncement in [Circle K. Convenience Stores, Inc. v.] Ferguson[ 556 So.2d 1207 (Fla. 5th DCA 1990)] that “some conditions are simply so open and obvious, that they can he held as a matter of law not to constitute a hidden dangerous condition.” The condition complained of here represents such a case. To hold that an ordinary sidewalk curb, without more, is inherently dangerous would make every municipality and business establishment the virtual insurer of the safety of every pedestrian.
561 So.2d at 320. Gorin relied on Aventu-ra and concluded that summary judgment was appropriate where the plaintiff failed to recognize the change of elevation between the similarly colored sidewalk curb and the driveway and fell. See Gorin, 595 So.2d at 1064.
What distinguishes this case from Aventura and Gorin is that the expert here testified through an affidavit that proper industry construction and maintenance methods require definition between changes of elevation which are clearly identifiable and that the appellee failed to give proper notice of the change in elevation. To further bolster the testimony, pictures of similar steps in other locations all showed coloration differentiation. While Aventura posited that it was common knowledge that drop-offs on sidewalks have the same coloration as the streets, that statement was from Bowles, a 1952 case. Although that may still be true for street sidewalks, the expert has testified to a different standard for the commercial location of appellee’s step. After nearly one-half of a century, standards may have changed. A breach of industry standards is evidence of negligence. See Seaboard Coast Line R.R. Co. v. Clark, 491 So.2d 1196, 1198 (Fla. 4th DCA 1986). Therefore, given the expert’s affidavit and the photographs in the record, we conclude that there is a material issue of fact which precludes summary judgment. Whether or not there is such an industry standard and whether it was breached will be issues of fact which will no doubt be a battle of expert testimony.
Because we are remanding this case for further proceedings, we also address a discovery issue. The appellant requested by interrogatory information regarding trips and falls on steps similar to the subject step at any store owned by appellee within a three year period. The trial court sustained appellee’s objection that the request was overbroad, burdensome, harassing, and not reasonably calculated to lead to admissible evidence. We conclude that discovery of similar accidents that occur at other similar locations controlled by the defendant is proper. See, e.g., Publix Supermarkets, Inc. v. Martin, 739 So.2d 174, 175 (Fla. 2d DCA 1999); Thomas v. Publix Supermarkets, Inc., 578 So.2d 64, 64 (Fla. 4th DCA 1991); Saunders v. Florida Keys Elec. Co-op Ass’n, 471 So.2d 88, 89-90 (Fla. 3rd DCA 1985); Lazarus Homes Corp. v. Gustman, 340 So.2d 513, 514 (Fla. 3d DCA 1976). There is no other evidence in the record to show that the scope of the interrogatory is otherwise burdensome, and the time period requested is less than that approved in other cases. See, e.g., Martin, 739 So.2d at 175. Therefore, on remand appellant shall be entitled to an answer to the interrogatory.
GUNTHER and STEVENSON, JJ., concur.