# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI

### NO. 2000-KA-01625-COA

**ANTHONY SMITH A/K/A TONY SMITH A/K/A ANTHONY SCOTT SMITH A/K/A TONY**          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF TRIAL COURT JUDGMENT: | 09/14/2000 |
| TRIAL JUDGE: | HON. HENRY L. LACKEY |
| COURT FROM WHICH APPEALED: | CHICKASAW COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDWARD DUDLEY LANCASTER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | JAMES M. HOOD III |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | AGGRAVATED ASSAULT: SENTENCED TO 20 YEARS WITH MISSISSIPPI DEPARTMENT OF CORRECTIONS, 8 YEARS SUSPENDED, LEAVING 12 YEARS TO SERVE AND 5 YEARS POST RELEASE SUPERVISION |
| DISPOSITION: | AFFIRMED - 08/21/2001 |
| MOTION FOR REHEARING FILED: | |
| CERTIORARI FILED: | |
| MANDATE ISSUED: | 9/11/2001 |

BEFORE SOUTHWICK, P.J., THOMAS, AND IRVING, JJ.

SOUTHWICK, P.J., FOR THE COURT:

¶1. Anthony Smith was convicted of aggravated assault after a jury trial in the Circuit Court of Chickasaw County. Smith raises the following issues on appeal: 1) the trial court should have granted a new trial due to a tainted venire; 2) his confession was involuntary; and 3) the probative value of the photographs of the victim were outweighed by their prejudicial effect. Finding no merit to these assignments of error, we affirm.

## FACTS

¶2. On March 8, 2000, Anthony Smith and James D. Conwill were indicted for the aggravated assault. Smith and Conwill's joint trial was set for July 27, 2000, in Okolona. During voir dire the parties met in the judge's chambers where Conwill's attorney announced that his client would now plead guilty. The plea was accepted and the jury was instructed to disregard Conwill's plea and to decide the case against Smith solely

upon the evidence presented during trial. Smith's counsel made a motion to quash the venire, which was denied.

¶3. The trial resumed with the victim, Randy Forrester, being called as the first witness. Forrester testified that on the night of October 16, 1999, he and Scott Edwards had stopped by a house in Okolona. Smith and Conwill were present when he arrived; everyone was drinking alcohol. While at the house, Forrester was accused by Smith of calling his mother a bad name years earlier. Forrester stated that Edwards approached him and said that he better leave in order to avoid a conflict with Smith. Forrester left the house and began walking down the road. He walked only about a half-block when he was approached from behind by Smith and Conwill.

¶4. Forrester testified that the first blow hit him in the face and knocked him to the ground. He identified Smith as the assailant. He attempted to get back up but Smith kept kicking him in the face and ribs, knocking him back down. This continued until Forrester almost lost consciousness. He was thrown into a twelve foot drainage ditch following the beating. Forrester identified Smith in the courtroom as the person who had beaten him.

¶5. As a result of the beating, Forrester suffered multiple serious injuries to his face, teeth, ribs and lung. His nose was broken in three places, his cheeks were crushed, and several teeth were knocked out. He also suffered several broken ribs, which resulted in a punctured and collapsed lung. Forrester is unable to work as a result of his injures.

¶6. Officer J. R. Kilgore with the Okolona Police Department was on patrol when he noticed Conwill attempting to help Forrester from the ditch. Officer Kilgore testified that Forrester was badly injured and that an ambulance was called to take him to the hospital. Officer Kilgore further testified that Smith told him that he had jumped on Forrester because Forrester had called his mother a bad name five years earlier.

¶7. Another officer at the scene, Dwight Parker, testified that Forrester's eyes were black, his face was bloody and there was blood coming out the top of his head. Officer Parker was asked if some photographs fairly depicted Forrester's condition on the night of the assault. Officer Parker stated that they did. Over objection the photographs were introduced into evidence. Parker also testified that Smith and Conwill admitted that they were the ones that had beaten up Forrester.

¶8. After his arrest, Smith signed a rights waiver and gave a written statement. In his statement, Smith claimed that he followed Forrester to ask him why he had called his mother a bad name. He jumped on him only after Forrester grabbed him and ripped a chain off his neck.

¶9. Smith testified at trial in his own defense. His testimony was that he and Conwill followed Forrester down the road to ask him why he had called his mother a bad name. He admitted to striking Forrester, but that it was only a slap with an open hand. He also claimed that it was only done because Forrester grabbed him and ripped his chain off his neck. Smith further testified that it was Conwill who had inflicted the serious injuries. He stated that Conwill struck Forrester several times, kneed him in the face and drug him into the ditch.

¶10. Conwill was then called by the State in rebuttal. His testimony was that when Forrester left the house, Smith ran after him. Conwill said that he followed Smith, and before he caught up to him Smith had already knocked Forrester to the ground. He further testified that Smith jumped on Forrester's head while Forrester

was on the ground.

¶11. Smith was found guilty of aggravated assault and given a twenty year sentence with eight years suspended. He has appealed.

## DISCUSSION

### I. Motion to quash venire

¶12. Smith and Conwill were scheduled to be tried jointly for the aggravated assault of Randy Forrester. They had separate counsel. After voir dire had proceeded for some period, it was announced to the jury that Conwill was pleading guilty. The jury was instructed to disregard the plea and to decide the case against Smith based solely on the evidence presented. Smith moved to quash the venire, but that was denied. Smith now contends that he was denied a fair trial by an impartial jury due to his codefendant's guilty plea.

¶13. The State contends that the issue is waived because defense counsel failed to strike any of the jurors on the basis that they knew of Conwill's guilty plea. Smith's counsel moved to quash the venire as soon as it was announced to the jury that Conwill would plead guilty. The trial court refused to quash the venire, but granted Smith a continuing objection for the record. The motion to quash the venire was renewed prior to the start of trial and again at the close of the State's case in chief. Since the argument was that the entire venire was tainted, we find no procedural bar in the defendant's failure to strike some of the prospective jurors, since whoever was left would also suffer from the same taint.

¶14. The substance of the issue can first be viewed by noting that a guilty plea of a co-conspirator "while incompetent as substantive evidence of the defendant's guilt, may be admissible for other purposes." *White v. State*, 616 So. 2d 304, 307 (Miss. 1993). Among those purposes is that the guilty plea may be a prior consistent statement with the testimony that the person is giving at the trial of his codefendant. *Id.* Here, Conwill testified. Of course, the State was not introducing the guilty plea for this evidentiary purpose; explaining to this jury why Conwill was no longer being tried became a necessity because of the timing of the plea. However, had a new venire been summoned, the fact of Conwill's guilty plea could have become known to those jurors when Conwill testified. We find no prejudice from jurors' learning of the plea earlier than they otherwise might.

¶15. To be distinguished from knowledge given a jury about a codefendant's guilty plea is the need to keep undisclosed the fact that another jury *convicted* the codefendant. In that situation, the possible prejudice "is that one jury would rely upon the judgment of a prior jury in reaching its decision." *White*, 616 So.2d at 307. That is not our situation.

¶16. Even if there were some prejudice, it is "presumed that the jurors followed the court's admonition . . . and decided the case solely upon the evidence presented; to presume otherwise would be to render the jury system inoperable." *Bell v. State*, 631 So. 2d 817, 820 (Miss. 1994). The trial judge admonished the jury to disregard Conwill's guilty plea and to decide the case based solely on the evidence presented. The jury was then asked if there was anyone who could not disregard the guilty plea. No juror responded. That is sufficient.

### II. Involuntary confession

¶17. Smith next argues that his statement given to Officer Parker was involuntary and should not have been admitted into evidence. Smith claims that he was suffering from sleep deprivation at the time that he gave the statement, having been awake for three straight days. He also cites the failure of the State to produce the jailer who was supposedly present when the confession was given.

¶18. "The general rule is that for a confession to be admissible it must have been given voluntarily and not given as a result of promises, threats or inducements." *Morgan v. State*, 681 So. 2d 82, 86 (Miss. 1996). Only if there is evidence that the confession was the product of threats, offers of reward, or violence, must the State produce all witnesses to the confession. *Agee v. State*, 185 So. 2d 671, 673 (Miss. 1966). Smith never offered evidence of improper threats or inducements. His claim was that he was tired from not having slept. Therefore, there was no need for the State to produce the jailer who may or may not have been present when the confession was given.

### III. Admissibility of Photographs

¶19. Smith's last assignment of error is that the photographs showing the injuries to Forrester on the night of the assault should have been excluded because their probative value was outweighed by their prejudicial effect. Smith also argues that the pictures were improperly admitted because there was no chain of possession for the pictures established, and the party introducing them was not the person who took them.

¶20. Evidence must be relevant in order to be admissible. Relevant evidence may be rendered inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." M.R.E. 403. The decision of whether or not to admit photographs is left to the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of discretion. *Sudduth v. State*, 562 So. 2d 67, 69 (Miss. 1990). The trial judge's discretion on whether or not to admit photographs "runs toward almost unlimited admissibility regardless of the gruesomeness, repetitiveness, and the extenuation of probative value." *Hart v. State*, 637 So. 2d 1329, 1335 (Miss. 1994).

¶21. The photographs of Forrester's injuries, although unpleasant, were not gruesome. Smith was given an instruction on simple assault, which could have been the proper verdict if the injuries had been minor. Many of Forrester's visible injuries had considerably healed by the time of trial, so the pictures demonstrated to the jury the severity of his injuries on the night of the assault. The trial judge did not abuse his discretion in admitting the photographs.

¶22. Smith also argues that no chain of custody was established and the person who took the pictures needed to be the witness through whom they were introduced. The Rules of Evidence provide that an item may be authenticated by the testimony of a witness with knowledge "that a matter is what it is claimed to be." M.R.E. 901(b)(1) Officer Parker testified that the pictures accurately represented the appearance of Forrester on the night of the assault. The pictures were relevant and properly authenticated by Officer Parker. It is immaterial that Officer Parker was not the person who took the photographs.

¶23. **THE JUDGMENT OF THE CIRCUIT COURT OF CHICKASAW COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS WITH EIGHT YEARS SUSPENDED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY RESTITUTION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO CHICKASAW COUNTY.**

**McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.**