923 So.2d 1049 (2006)
Dorothy Faye THOMPSON, Appellant
v.
CHICK-FIL-A, INC., Chris Rosson, Debbie Nickels and Crawford & Company, Appellees.
No. 2004-CA-02286-COA.
Court of Appeals of Mississippi.
March 14, 2006.
*1051 Adrienne P. Frascogna, Wayne E. Ferrell, Jackson, attorneys for appellant.
Kelly Wyche McMullan, Leland S. Smith, Jackson, attorneys for appellees.
Before LEE, P.J., IRVING and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On March 30, 2002, Dorothy Faye Thompson dined at Chick-Fil-A on County Line Road in Jackson. After eating lunch, Thompson fell off the sidewalk's curb while escorting her mother to her vehicle. After falling, Thompson drove her vehicle to the other side of the restaurant, parked and entered the building, and informed store employees that she had fallen. Debbie Nickels, the store's general manager, informed Chris Rosson, the store's owner and operator, of the accident.
¶ 2. Nickels tended to Thompson's injuries by cleaning her skinned knee and other scrapes and taking an accident report. Nickels also advised Thompson to seek medical assistance for her injuries if necessary. While Nickels assisted Thompson, Rosson investigated the curb where Thompson fell, finding no irregularities, bumps, cracks or gravel on the pavement. The pavement was not wet and was well lit, as it had not rained and the sun was shining.
¶ 3. Because Crawford & Company is Chick-fil-A's insurance carrier, Nickels gave Thompson a Crawford business card. According to Thompson, Nickels told her that Crawford would reimburse her for any medical treatment. Nickels testified that while she referred Thompson to Crawford for the purposes of filing a claim, she never indicated that either Crawford or Chick-fil-A would pay for or reimburse Thompson for any medical treatment.
¶ 4. Thompson sustained an injury to her rotator cuff and subsequently underwent surgery. Thompson filed a claim with Crawford, but the claim was denied.
¶ 5. Thompson filed suit against Chick-fil-A, Inc., Chris Rosson, Debbie Nickels, and Crawford & Company. The defendants filed a motion for summary judgment which was granted. It is from this ruling that Thompson appeals, arguing the following three issues: (1) the trial court erred in granting summary judgment in favor of the defendants; (2) Chick-fil-A owed a duty to provide safe premises to patrons; and (3) Nickels and Rosson acted with the apparent authority of Chick-fil-A and Thompson detrimentally relied upon those actions.
¶ 6. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 7. This Court reviews de novo a trial court's grant of a motion for summary judgment. Leffler v. Sharp, 891 So.2d 152, 156(¶ 9) (Miss.2004). The evidence must be reviewed in a light most favorable to the non-moving party. Id. Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. M.R.C.P. 56.

I. DID THE TRIAL COURT ERR IN GRANTING CHICK-FIL-A'S MOTION FOR SUMMARY JUDGMENT?

II. DID CHICK-FIL-A VIOLATE ITS DUTY TO PROVIDE SAFE PREMISES TO PATRONS?
*1052 ¶ 8. Mississippi applies the following three-step process in determining premises liability: first, the injured party must be classified as an invitee, licensee, or trespasser. Leffler, 891 So.2d at 157(¶ 10). Once the injured party's status is identified, the duty the business or landowner owes the injured party is determined. Id. The last step is to determine whether the business or landowner breached this duty. Id.
¶ 9. Thompson was a business invitee, for she entered and remained on the Chick-fil-A property for purposes directly or indirectly related to Chick-fil-A's business dealings. Hudson v. Courtesy Motors, Inc., 794 So.2d 999, 1003(¶ 11) (Miss. 2001) (citing Clark v. Moore Mem'l United Methodist Church, 538 So.2d 760, 763 (Miss.1989)). As such, Thompson must prove either that Chick-fil-A's negligence injured her, that Chick-fil-A had knowledge of the dangerous condition and failed to warn her, or that the condition existed for a sufficient amount of time so that Chick-fil-A should have had knowledge or notice of the condition. Anderson v. B.H. Acquisition, Inc., 771 So.2d 914, 918(¶ 8) (Miss.2000) (citing Downs v. Choo, 656 So.2d 84, 86 (Miss.1995)).
¶ 10. There is no duty to warn of a defect or danger which is as well-known to the invitee as to the landowner, or of dangers that are known to the invitee, or dangers that are obvious or should be obvious to the invitee in the exercise of ordinary care. Grammar v. Dollar, 911 So.2d 619, 624(¶ 12) (Miss.Ct.App.2005). Additionally, the owner of a business does not insure the safety of its patrons. Rather, the owner of a business owes a duty to an invitee to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or to warn of dangerous conditions not readily apparent, which the owner or occupant knows of, or should know of, in the exercise of reasonable care. Robinson v. Ratliff, 757 So.2d 1098, 1101(¶ 12) (Miss.Ct.App.2000).
¶ 11. Thompson argues that summary judgment was improper because she "can amply demonstrate at least one of the factors" outlined in Downs and its progeny. We disagree.
¶ 12. First, Thompson failed to adduce any evidence that Chick-fil-A's negligence injured her. Furthermore, immediately after she fell, Thompson told Nickels that she was helping her mother to her car and she was not watching where she was going. "There must be some evidence of negligence given a jury before it can determine that a defendant is guilty of negligence." Jerry Lee's Grocery, Inc. v. Thompson, 528 So.2d 293, 296 (Miss. 1988) (quoting Kroger, Inc. v. Ware, 512 So.2d 1281, 1282 (Miss.1987) (overruled on other grounds)). There is simply no evidence to suggest that Chick-fil-A's negligence injured Thompson that fateful, sunny day.
¶ 13. Alternatively, Thompson could prevail by showing that Chick-fil-A had knowledge of the dangerous condition and failed to warn her; however, we do not agree that the curb presented a dangerous condition. The record establishes that the curb was unbroken, unlittered, dry and otherwise unobstructed. The condition of the curb is quite unlike any other situation heretofore accepted as creating a dangerous condition. See, e.g., Mayfield v. The Hairbender, 903 So.2d 733 (Miss.2005) (question of fact exists as to whether store negligently failed to maintain the premises where plaintiff fell on "broken, unlevel pavement" that was "pushed up, probably jutted up two inches over the bottom step"); Caruso v. Picayune Pizza Hut, Inc., 598 So.2d 770 (Miss.1992) (jury question as to Pizza Hut's negligence in addressing *1053 a loose strip of carpet tacking by unsuccessful attempts at fixing it, then covering strip with a heavy rubber matting until repairmen could attend to it); McGovern v. Scarborough, 566 So.2d 1225 (Miss.1990) (doorway not unreasonably dangerous where store owner raised threshold three-fourths of an inch and a person entering doorway must step up two to three inches regardless of three-quarter inch increase in threshold).
¶ 14. Thompson argues that the affidavit of her expert creates an issue of fact which should preclude summary judgment. This expert witness opined that Chick-fil-A was negligent and caused the accident because there were no visual warnings differentiating the curb from the driveway.
¶ 15. We are unpersuaded that the absence of such markings violated Chick-fil-A's duty to exercise reasonable care to keep the premises in a reasonably safe condition. Our supreme court addressed the danger presented by an unmarked curb in Stanley v. Morgan & Lindsey, Inc., 203 So.2d 473 (Miss.1967). In Stanley, the plaintiff exited a store and fell off a curb that was elevated seven and one-half inches above the parking lot. While the south side of the curb was painted yellow, the markings were not visible to Stanley as she exited the business. Stanley slipped and fell, suffering serious injury. The cause proceeded to trial, and at the close of Stanley's case, the court directed a verdict for the defendants. On appeal Stanley argued that the facts created a question for the jury. The supreme court affirmed, finding that the curb was not inherently dangerous and that the landowner could not reasonably anticipate that the curb's height would cause a person to fall or trip on her way to the parking lot. Id. at 477. We fail to see that the mere existence of the unmarked curb created a dangerous condition.
¶ 16. Assuming that the curb presented a dangerous condition, Thompson argues that Chick-fil-A either had notice or should have had notice of the condition. Thompson argues that prior falls occurred on the premises, citing her claim that Rosson told her, "You're not the first person that's fell [sic]." It is true that Thompson was not the first person to fall at the Chick-fil-A on County Line Road; Rosson testified that two other falls had occurred at the store since it opened in 1996. The first fall occurred when an elderly lady fell out of her car in the drive-through lane while trying to retrieve her dog. The second fall occurred when a customer slipped on a newly-mopped floor inside the store. Assuming that Thompson is correct and Rosson did, in fact, make such a statement, we are not convinced that the statement is sufficient to create a genuine issue of material fact. From the record before this Court, the prior falls were wholly unrelated to Thompson's accident, and, therefore, do not adequately notify Chick-fil-A of the purported danger.
¶ 17. These assignments of error are without merit.

III. WAS SUMMARY JUDGMENT REGARDING THOMPSON'S DETRIMENTAL RELIANCE CLAIMS IN ERROR?
¶ 18. Thompson argues that Nickels and Rosson were acting as representatives of Chick-fil-A in representing to her that Chick-fil-A would pay her medical bills. Thompson argues that she relied on these statements to her detriment by seeking medical assistance for which she has not been compensated. Thompson argues that there is a question of fact as to whether Rosson and Nickels were acting on behalf of Chick-fil-A and that Nickels bound Crawford & Company to pay Thompson's medical bills "because she was acting under the apparent authority *1054 that she had the authority to make those assertions." These arguments are clearly without merit.
¶ 19. First, we note, as did the appellees, that Thompson has not pled, and does not argue, that Nickels and Rosson committed fraud. To prove fraud, Thompson would need to show by clear and convincing evidence, (1) a representation, (2) that is false, (3) that is material, (4) that the speaker knew was false or was ignorant of the truth, (5) the speaker's intent that the listener act on the representation in the manner reasonably contemplated, (6) the listener's ignorance of the statement's falsity, (7) the listener's reliance on the statement as true, (8) the listener's right to rely on the statement, and (9) the listener's proximate injury as a consequence. Gray v. Caldwell, 904 So.2d 212, 216(¶ 12) (Miss.Ct.App.2005). Having failed to plead fraud, however, we turn to Thompson's claims of equitable estoppel.
¶ 20. Equitable estoppel may be used to enforce an oral contract which would otherwise be unenforceable under the statute of frauds. Powell v. Campbell, 912 So.2d 978, 981(¶ 11) (Miss.2005). Estoppel should only be used in exceptional circumstances and must be based on public policy, fair dealing, good faith, and reasonableness. Id. To assert equitable estoppel, Thompson must show (1) that she has changed her position in reliance on the conduct of another and (2) that she has suffered to her detriment as a result of her change of position in relying on such conduct. PMZ Oil Co. v. Lucroy, 449 So.2d 201, 206 (Miss.1984). "In order to work an estoppel it must appear that one has been induced by the conduct of another to do something different from what otherwise would have been done, and which has resulted to his harm and that the other knew or had reasonable cause to know that such consequence might follow." Id. (quoting McLearn v. Hill, 276 Mass. 519, 177 N.E. 617 (1931)).
¶ 21. Thompson has failed to make such a showing. From the record before this Court, it is clear that Thompson sought medical treatment because of the injury she sustained to her knee and rotator cuff, and not because of some promise or agreement made by either Nickels or Rosson.
¶ 22. Thompson cites Am. Income Life Ins. Co. v. Hollins, 830 So.2d 1230, 1237 (Miss.2002), in support of her argument that Nickels and Rosson have obligated Crawford & Company and Chick-fil-A to pay Thompson's medical bills. In Hollins, Hollins purchased a policy from American Income Life Insurance Company. She later sued American and the agent who sold her the policy after American denied one of Hollins's claims and rescinded the policy. At the time she purchased the policy, Hollins disclosed certain medical complications, which the insurance agent assured her would be covered under the policy as she had not undergone surgery for the complications. Our supreme court upheld the jury verdict in favor of Hollins.
¶ 23. In discussing the insurance agent's apparent authority to waive the policy's exclusion of preexisting conditions, the supreme court opined, "[w]e and other courts have held insurers to be bound by the actions of their agents acting within the scope of apparent authority, regardless of the policy's actual terms." Id. at 1237(¶ 18).
¶ 24. Thompson directs this Court to this quote in support of her argument, but her reliance is clearly misplaced. To recover under a theory of apparent authority, Thompson must show: (1) acts or conduct on the part of the principal indicating the agent's authority, (2) reasonable reliance on those acts, and (3) detriment as a result of such reliance. Id. *1055 Aside from the fact that Thompson has failed to show that there is a question of fact as to the commission of a tort by either Rosson or Nickels, from the record before this Court it is clear that Nickels and Rosson were not acting on behalf of Crawford & Company. The record indicates that Nickels and Rosson were in their Chick-fil-A uniforms, and they represented themselves as Chick-fil-A employees. Regarding Chick-fil-A's liability for representations made by its employees, Thompson has wholly failed to show that the employees committed a tort or breached an agreement for which Chick-fil-A should be held vicariously liable. This argument is without merit.
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.