ISHEE, J.,
for the Court:
¶ 1. This is a personal-injury action arising from a fall that occurred on property owned by Mardi Gras Casino Corp. (Mardi Gras). The original action was filed in the Hancock County Circuit Court in August 1998; however, that action was dismissed by the trial court in May 2009. A second complaint was filed immediately on behalf of the estate of Elsie Luster through its administrator, Larry Gusman. Mardi Gras subsequently filed a motion for summary judgment, which was granted in its favor. Gusman now appeals that decision, arguing the trial court erred by granting summary judgment because genuine issues of material fact existed. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶2. On June 18, 1997, Luster visited Casino Magic, a property owned by Mardi Gras, in Bay Saint Louis, Mississippi. She was visiting the casino with a senior-citizen bus group sponsored by the New Orleans Recreational Department. Upon her arrival at the casino, Luster entered the gaming area. As Luster was exiting the gaming area headed to lunch, she fell on a carpeted area. Luster sustained various injuries. Luster has since passed away; however, there is no suggestion that her death is related to this incident.
¶ 3. On May 14, 2009, a complaint was filed on behalf of the estate of Luster through its administrator, Gusman.[1] The complaint alleged that Luster fell due to a dangerous condition on the property that was not open and obvious. Luster allegedly sustained various mental and bodily injuries. The complaint sought $250,000 in damages.
¶ 4. On July 13, 2011, Mardi Gras sought summary judgment. Mardi Gras argued there was no evidence or testimony to establish that Luster’s fall was due to a dangerous condition on the premises. In fact, in Luster’s own deposition, she had said on multiple occasions that there was nothing to trip on and that she did not know how she fell. Therefore, Mardi Gras asserted no genuine issues of material fact existed.
¶ 5. On December 5, 2012, Gusman filed a memorandum in opposition to the motion for summary judgment. Attached to the memorandum were black-and-white copies of photographs with handwritten notations in the margins allegedly showing the dangerous condition. The photographs also purported to show a sign reading “Please watch your step — Uneven floor.” However, the sign was not present on the day Luster fell. Gusman alleged the photographs were taken and annotated by Luster’s daughter, Dorothy Gusman.
¶ 6. On July 2, 2012, after a hearing on the matter, the trial court granted summary judgment in favor of Mardi Gras. The trial court further declined to admit the photographs as evidence. The trial court found the photographs to be “unsupported by any deposition testimony, affidavit testimony, answers to interrogatories, or admissions in this case.” While Gus-man argued the photographs were admissible under an exception to the hearsay *965 rule, the trial court held they were not properly authenticated. The trial court stated: “There is no indication who took the photographs, when they were taken, or why they were taken.” At the hearing, Gusman requested additional time under Mississippi Rule of Civil Procedure 56(f) to seek affidavits proving the authenticity of the photographs. The trial court found that the parties had sufficient time to conduct discovery, and denied the request.
¶ 7. Gusman now appeals the trial court’s grant of summary judgment. On appeal, Gusman argues that genuine issues of material facts existed as to Mardi Gras’s alleged negligence in allowing for a dangerous condition to exist on its premises. Although Gusman cites the trial court’s grant of summary judgment as his sole issue on appeal, we find Gusman also raises the issue of whether the trial court erred by failing to include the photographs and notations as evidence.
DISCUSSION
I. Summary Judgment
¶ 8. “The standard of review in considering on appeal a trial court’s grant or denial of summary judgment is de novo.” Sutherland v. Estate of Ritter, 959 So.2d 1004, 1007 (¶ 8) (Miss.2007) (citations omitted). Summary judgment is appropriate where “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c).
¶ 9. “Under Mississippi law[,j proof of an injury is not the basis for premises liability!;] rather!,] negligence of the business owner must be shown.” Almond v. Flying J Gas Co., 957 So.2d 437, 439 (¶ 7) (Miss.Ct.App.2007) (citation omitted). When considering a premises-liability action, we must first determine the status of the injured party as an invitee, licensee, or trespasser. Thompson v. Chick-Fil-A, Inc., 923 So.2d 1049, 1052 (¶ 8) (Miss.Ct.App.2006) (citation omitted). Here, it is undisputed that Luster was an invitee. As such, Luster must prove: (1) the defendant’s negligence injured her; (2) the defendant had actual knowledge of the dangerous condition and failed to warn her; or (3) the condition existed for a sufficient amount of time so that the defendant should have had knowledge or notice of the condition. Id. at (¶ 9) (citing Anderson v. B.H. Acquisition, Inc., 771 So.2d 914, 918 (¶ 8) (Miss.2000)).
¶ 10. In the instant case, there has been no evidence presented to establish that a dangerous condition existed or that Mardi Gras had knowledge of any dangerous condition if one did exist. In fact, Luster’s deposition contradicts the claim that she fell due to conditions on the premises. In her deposition, when asked how she fell, Luster responded: “I don’t know. It felt like maybe my foot may have stuck to the floor, you know, some of them rubber soled, they might have — it might have been from something like that. I don’t know. I really don’t know. All I know is I went down.” She was also asked: “Do you remember whether you tripped or whether your foot stuck to the floor?” She responded: “It wasn’t nothing to trip on, it was just floor. I ain’t saw nothing to fall on.” It is clear that Luster did not witness any defects in the floor. As noted above, proof of an injury is not the basis for premises liability; negligence is. While it is clear that an injury occurred, there is no evidence it was the result of Mardi Gras’s negligence.
II. Photographs/Notations
¶ 11. The photographs that Gus-man attempted to introduce allegedly show *966 a defect in the floor, therefore creating a genuine issue of material fact. However, as noted above, the trial court refused to admit the photographs into evidence. It is well-settled law that we review the admission or suppression of evidence under an abuse-of-discretion standard. Miss. Transp. Comm’n v. McLemore, 863 So.2d 31, 34 (¶ 4) (Miss.2003) (citation omitted). There are two aspects that must be considered: the photographs and the notations written next to the photographs.
¶ 12. With regard to the photographs, the trial court found they were not properly authenticated. Mississippi Rule of Evidence 901(a) states: “The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.” Although the actual photographer need not testify regarding the photos, there must be some evidence that the pictures accurately reflect the area at the time of the incident. See Ford v. State, 975 So.2d 859, 867-68 (¶ 30) (Miss.2008); Smith v. State, 792 So.2d 343, 348 (¶ 22) (Miss.Ct.App.2001). Here, there was no evidence or testimony as to who took the photographs, when the photographs were taken, or where the photographs were taken. Accordingly, we agree with the trial court that the photographs were not properly authenticated.
¶ 13. With regard to the notations, the trial court found they were hearsay and did not meet any of the hearsay exceptions. Hearsay is defined as “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” M.R.E. 801(c). This includes written assertions. M.R.E. 801(a). The notations were hearsay, as they were out-of-court written statements offered for the truth of the matter asserted.
¶ 14. Per Mississippi Rule of Evidence 802, hearsay is not admissible; however, there are certain exceptions to the hearsay rule. As such, the notations are inadmissible unless they fall under an exception to the hearsay rule. Gusman sought to introduce the statements under the exception to the hearsay rule found in Mississippi Rule of Evidence 804(b)(5), which states:
(b) Hearsay Exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
[[Image here]]
(5) Other Exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.
¶ 15. Under Rule 804(b)(5) the declar-ant must be unavailable for the hearsay to be admissible. Gusman argues that Luster is unavailable; therefore, the rule is applicable. However, although the notations are signed “Mrs. Elsie Luster,” the narration is in the third person, and the evidence shows it was written by someone other than Luster. Therefore, the declar-ant of the written statements could have been available to testify, and Rule 804(b)(5) would be inapplicable.
¶ 16. Gusman then moved for relief under Mississippi Rule of Civil Procedure 56(f) for additional time to seek affidavits *967 proving the authenticity of the photographs and notations. Rule 56(f) states: “Should it appear from the affidavits of a party opposing the motion [for summary judgment] that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained....” However, the trial court denied the request, citing Gusman’s failure to conduct any discovery since the filing of the complaint or in the eleven months since Mardi Gras filed for summary judgment. We agree with the trial court that Gusman had sufficient time to seek any affidavits needed to oppose summary judgment and failed to do so. This issue is without merit.
¶ 17. THE JUDGMENT OF THE HANCOCK COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON AND FAIR, JJ„ CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. The original action was filed on August 26, 1998. In October 2008, after Luster's death, Mardi Gras filed a suggestion of death pursuant to Mississippi Rule of Civil Procedure 25 followed by a motion to dismiss in January 2009. The original action was dismissed in May 2009.